Debra FAULKNER *v.* STATE of Arkansas

CA CR 85-98                                   697 S.W.2d 537

Court of Appeals
Division I
Opinion delivered October 23, 1985

*John W. Achor*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

Tom Glaze, Judge. On January 28, 1985, appellant was convicted, by the trial court sitting as a jury, of forgery in the second degree and sentenced to three years in the Department of Correction with one year suspended. On appeal, appellant contends that there was insufficient evidence on which to base the conviction, alleging that the State had failed to prove she acted with an intent to defraud. We affirm the conviction.

Forgery in the second degree is committed when a person forges a written instrument that is a check. *Mayes v. State*, 264 Ark. 283, 571 S.W.2d 420 (1978); *Gonce v. State*, 11 Ark. App. 278, 669 S.W.2d 490 (1984); Ark. Stat. Ann. § 41-

2302(3)(a) (Repl. 1977). A person forges a written instrument if, among other things, with purpose to defraud, he alters, possesses, or utters any written instrument that purports to be, or is calculated to become, or to represent if completed, the act of a person who did not authorize the act. Ark. Stat. Ann. § 41-2302(1) (Repl. 1977). "Utter," as used in § 41-2302(i), includes the delivery or attempted delivery of a written instrument. *Mayes*, 264 Ark. at 290.

It was undisputed that, on July 10, 1984, appellant deposited a General Motors Acceptance Corporation check payable to Albert Tate into an account for Mr. Tate at an office of First South Federal Savings and Loan (First South) located in Little Rock. It was also undisputed that the check was purportedly endorsed by Albert Tate, that Mr. Tate did not authorize the signature or the act, and that the check had been altered upwards in amount, from five dollars to five thousand dollars. The only issue in conflict was appellant's knowledge of the alteration and her intent to defraud.

Lou Ann Ford, a teller at a First South office in North Little Rock, testified that, on July 6, 1984, a woman identifying herself as Betty Faubert came into that office to open an account in the name of Albert Tate or Betty Faubert. Admitting she had not made any previous identification regarding the identity of this woman, Ms. Ford made an in-court identification of appellant as the woman who had called herself Betty Faubert.

Cathy Gregory, a teller at the First South office in Little Rock, testified that, on July 10, 1984, appellant came into the bank to deposit the check in question, telling her that she did not have an account number but that the check was to be deposited to Albert Tate's account. Ms. Gregory stated that, when she told appellant she could find no account number for Mr. Tate, appellant said the account might be under the name of Betty Faubert. She said appellant did not identify herself as Betty Faubert. After searching unsuccessfully under that name, Ms. Gregory testified she then told appellant she would need an account number to make the deposit. She said appellant told her that she would go and see if she could find it, that Mr. Tate was out of town. Ms. Gregory testified that appellant came back in about fifteen minutes with a deposit slip already typed out for

## ERRATA

### 16 ARKANSAS APPELLATE REPORTS at page 131

Detach at perforation, moisten the back, and paste over the fourth line from th bottom of page 131 of *Faulkner v. State:*

 tion. *Ellis v. State,* 279 Ark. 430, 652 S.W.2d 35 (1983)

Albert Tate with the account number on it. Ms. Gregory testified she then deposited the check.

Appellant admitted that she had taken the check in question to First South and had given it to Ms. Gregory for deposit. However, appellant testified that Ms. Gregory's version of what happened was not correct. According to appellant, she got the check and deposit slip from her boss, Roy Duckett, in an envelope. She testified that he drove her to the bank. Appellant stated she did not know that the check had been altered or that it was in the amount of five thousand dollars. She also testified that she did not give the names of either Albert Tate or Betty Faubert, nor did she know that the account was in the name of either Betty Faubert or Albert Tate. Appellant said when she gave Ms. Gregory the check, Ms. Gregory told her there was no account number. She said she went out to tell Mr. Duckett what the teller had said and he told her that the account number should be in the envelope. Appellant stated she then took the envelope back in and told Ms. Gregory, "he said it was in the envelope," whereupon the teller took the envelope, deposited the check, and gave appellant a receipt. She stated that this did not take fifteen minutes, and she also testified that she had never been in the First South branch in North Little Rock.

The trial judge found that appellant was not the person who opened the account for Mr. Tate on July 6, 1984, as he indicated he was not at all impressed by Ms. Ford's in-court identification of something that had occurred six months earlier. However, the trial court found Ms. Gregory's version of what happened on July 10, 1984, to be true. The judge stated that, although he believed Roy Duckett was the one principally responsible, appellant's statement to Ms. Gregory that Mr. Tate was out of town, coupled with the extensive alteration of the check she presented, showed appellant's complicity beyond a reasonable doubt.

In a criminal case, we are required to view evidence on appeal in the light most favorable to the appellee and affirm the trial court if there is substantial evidence to support the conviction. *Ellis v. State*, 279 Ark. 430, 652 S.W.2d 35 (1979). Substantial evidence is that evidence which is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or another; it must

force the mind to pass beyond a suspicion or conjecture. *Jones* v. *State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984). Circumstantial evidence is sufficient evidence if it excludes every reasonable hypothesis consistent with innocence; however, whether it does so is basically a question for the finder of fact. *Id.*

■ The State contends that Ms. Ford's testimony, when coupled with Ms. Gregory's testimony and the obvious nature of the check's alteration, is sufficient evidence to support appellant's conviction. We must reject part of the State's contention because the trial court specifically held that he did not find Ms. Ford's identification of appellant as the woman who opened the account credible, and we are bound by his determination of credibility. *See Ellis*, 279 Ark. at 432; *Jones*, 11 Ark. App. at 136. Nonetheless, we conclude that the statements of Ms. Gregory (whose testimony the trial court found credible), showing that appellant had talked as if she knew Mr. Tate and had requested his account, and the obvious alteration of the check warrant an inference that appellant intended to defraud Mr. Tate of five dollars and General Motors Acceptance Corporation of $4,995.00.

■ The trial court obviously did not find appellant's explanation of her possession of the altered check credible. As we said earlier, this was the prerogative of the trial court. The drawing of reasonable inferences from the testimony is for the trial judge as fact-finder, not this court. *Core* v. *State*, 265 Ark. 409, 578 S.W.2d 581 (1979). Our supreme court has held that:

> Possession of a forged instrument by one who offers or seeks to utter it without any reasonable explanation of the manner in which he acquired it warrants an inference that the possessor committed the forgery or was a guilty accessory to its commission. *State* v. *Phillips*, 127 Mont. 381, 264 P.2d 1009 (1953).

*Mayes*, 264 Ark. at 291. The reasonableness and sufficiency of appellant's explanation is a matter to be determined by the fact-finder. In so doing, the trial judge had the right to accept such portions of the testimony as he believed to be true and reject those he believed to be false. *Core*, 265 Ark. at 414.

There being sufficient evidence to support the conviction, we affirm.

Affirmed.

COOPER and CLONINGER, JJ., agree.