Haril L. ASHBY (Dec'd) *v.* ARKANSAS VINEGAR
COMPANY and AMERICAN MANUFACTURING
MUTUAL INSURANCE COMPANY

CA 87-154                                    737 S.W.2d 177

Court of Appeals of Arkansas
En Banc
Opinion delivered October 7, 1987

*Jay N. Tolley*, for appellant.

*Davis, Cox & Wright*, by: *Constance G. Clark*, for appellee.

GEORGE K. CRACRAFT, Judge. The sole issue presented by
this appeal is whether the Arkansas Workers' Compensation

Commission erred in holding that the provisions of our compensation act require that, when a worker's death arises out of his employment and his widow subsequently remarries and receives in one lump sum payment equal to 104 weeks compensation, the increase in benefits payable to her children on her remarriage is postponed until the end of the 104 weeks following the remarriage. We conclude that the Commission erred in not holding that the additional benefits payable to the children on the remarriage of the widow became due immediately and reverse and remand this case.

The determination of death beneficiaries and the amount of the average weekly wage payable to each is controlled by Ark. Stat. Ann. § 81-1315 (Repl. 1976 and Supp. 1985), which provides in pertinent part as follows:

> (c) [Beneficiaries—Amounts.] Subject to the limitations as set out in Section 10 [§ 81-1310] of this Act, compensation for the death of an employee shall be paid to those persons who were wholly and actually dependent upon the deceased employee in the following percentage of the average weekly wage of the employee, and in the following order of preference.

> First. To the widow if there is no child, thirty-five percent (35%), and such compensation shall be paid until her death or remarriage.

> \* \* \*

> Second. To the widow or widower if there is a child, the compensation payable under First above and fifteen percent (15%) on account of each child.

> Third. To one child if there is no widow or widower, fifteen percent (15%) for each child, and in addition thereto, thirty-five percent (35%) to the children as a class, to be divided equally among them.

> \* \* \*

> (d) [Terminations of dependence.] In the event the widow remarries before full and complete payment to her of the benefits provided in Subsection (c), there shall be

paid to her a lump sum equal to compensation for one hundred four (104) weeks, subject to the limitation set out in Section 10 [§ 81-1310] of this Act.

\* \* \*

(g) Cessation of compensation to part. Upon the cessation of compensation under this section to or on account of any person the compensation of the remaining persons entitled to compensation for the unexpired part of the period during which their compensation is payable shall be that which such persons would have received if they had been the only persons entitled to compensation at the time of the decedent's death.

The maximum amounts of compensation payable to death beneficiaries is governed by Ark. Stat. Ann. § 81-1310(b)(C) (Supp. 1985), which provides that the compensation payable to the surviving dependents shall be sixty-six and two-thirds percent of the average weekly wage, but not to exceed $154.00 per week in the aggregate.

The facts in this case were stipulated. Haril L. Ashby was fatally injured on June 11, 1984. He was survived by a dependent widow and five children. Appellees accepted the claim as compensable and paid the maximum weekly benefits of $154.00 to the widow for her own use and that of her five minor children until the widow remarried. At the time of her remarriage, appellees paid the widow a lump sum equal to her proportionate share of compensation for 104 weeks pursuant to the provisions of § 81-1315(d). Appellees then began paying to the children weekly benefits in that amount they would have received for their benefit prior to their mother's remarriage, contending that the increase in benefits provided for them upon her remarriage is postponed under the provisions of § 81-1315(g) to the end of the 104-week period. The appellant contended that the minor children were entitled to the increase in benefits immediately upon their mother's remarriage.

On these facts, the Commission found for the appellees as follows:

After carefully reviewing the entire record *de novo* on

appeal by claimant, we find the Administrative Law Judge correctly determined that claimant is not entitled to immediate maximum dependency benefits. . . . If the widow's proportionate share of the $154.00 weekly benefits (which has already been paid to her in a lump sum and represents 104 weeks of benefits) were redistributed to the five minor children now, the compensation payable to the deceased claimant's dependents would be in excess of the maximum of $154.00 weekly, as limited by § 10(b)(C). Only *after* 104 weeks from the lump sum payment to the widow can her share be redistributed to the children without contravening the clear intent of the statute. [Emphasis in original.]

We conclude that such a holding is contrary to both the letter and spirit of our compensation act. We find nothing in the act to support a conclusion that the legislature intended for the lump-sum payment to be treated as an advance of weekly benefits. The act clearly provides that the widow is to be paid weekly benefits until her remarriage. Worthy of note is the fact that the legislature did not state, as it easily could have, that upon remarriage a widow is to receive 104 weeks of compensation in a lump sum. Instead, the act provides that she is to receive a sum "equal to" 104 times the weekly benefits she had been receiving. There is nothing to indicate an intention that this payment be anything other than an additional benefit to compensate the widow for the loss of future weekly benefits occasioned by her remarriage, and we conclude that the reference to 104 weeks contained in § 81-1315(d) was merely intended to serve as a basis by which to determine the amount of the sum to be paid to her.

Nor do we find anything in § 81-1315(d) or (g) mandating that the increased payments to the subsequent beneficiaries be postponed. The statutes provide that the widow shall receive weekly benefits until she remarries. Upon remarriage, those payments terminate, and upon termination of those payments the minor beneficiaries' increased benefits should become due and payable immediately. The provisions of the Workers' Compensation Act are to be construed liberally in favor of the claimant in light of its beneficent and humane purposes, and all doubtful issues must be resolved in favor of the claimant. *Crain Burton Ford Co.* v. *Rogers*, 12 Ark. App. 246, 674 S.W.2d 944

(1984).

The widow's right to receive weekly benefits as a dependent of her deceased husband was terminated upon her remarriage. At that point, the death benefits were required to be reapportioned among the remaining dependents. The statute does not provide that the widow remain a dependent for two years after marriage. The intent of the act is to provide benefits for dependents of those employees killed or disabled in the course of their employment, and the fact that the legislature chose to give the widow an additional benefit upon her remarriage should not prevent the immediate reapportionment of weekly death benefits to the remaining dependents.

In reaching its conclusion, the Commission has followed the decisions of the Texas and New Mexico courts in construing similar statutes in *Freeman* v. *Texas Compensation Insurance Co.*, 603 S.W.2d 186 (Tex. 1980), and *Employers' National Insurance Co.* v. *Winters*, 101 N.M. 315, 681 P.2d 741 (1984). However, we prefer to follow the rule adopted in *State ex rel. Endlich* v. *Industrial Commission of Ohio*, 16 Ohio App. 3d 309, 139 N.E.2d 1309 (1984); *Yardley* v. *Montgomery*, 580 S.W.2d 263 (Mo. 1979); and *Builders Exchange, Inc.* v. *Workers' Compensation Appeal Board*, 64 Pa. Commw. 94, 439 A.2d 215 (1982), which appears to be more in tune with the spirit and intent of our legislation.

Reversed and remanded.