Brenda Robinson WHITE *v.* Dennis WINSTON

90-79                                                    789 S.W.2d 459

Supreme Court of Arkansas
Opinion delivered May 29, 1990

*George E. Butler, Jr.,* for appellant.

*Rose Law Firm, A Professional Association,* by: *Kenneth R. Shemin,* for appellee.

ROBERT H. DUDLEY, Justice. On July 13, 1973, appellant, Brenda White, a single person, gave birth to a baby boy. In 1979, the County Court of Lee County found that appellee, Dennis Winston, was the father of the child and ordered him to pay child support. On de novo appeal the Circuit Court of Lee County affirmed the holding that appellee was the father of the child and owed a duty of support until the child reached the age of sixteen (16). At that time illegitimate children were entitled to child support only until they reached the age of sixteen (16). Ark. Stat. Ann. § 34-706 (Repl. 1962). In 1983, the law was changed to provide that illegitimate children are entitled to support until they reach the age of eighteen (18). Ark. Stat. Ann. § 34-706 (Supp. 1985).

In 1988, appellant, a resident of Florida, filed a petition in Florida pursuant to the Florida Revised Uniform Enforcement of Support Act, asking, among other things, that the period of time for child support be extended until the child reaches eighteen (18) years of age. The Florida circuit court, the rendering court, certified the appellant's need for the prayed relief to the County Court of Washington County, the responding court. At that time, appellee Winston resided in Washington County.

After a hearing on the matter the county court ruled on the issues. The appellant appealed to the circuit court and that court, in turn, transferred the case to the Juvenile Division of Chancery

Court of Washington County. The chancery court, on the appeal de novo, held that it did not have authority to extend the period of support payments. Appellant, Brenda White, appealed. The Court of Appeals certified the case to this court. We affirm.

Amendment 67 to the Constitution of Arkansas was adopted at the 1988 general election. Its effective date was January 1, 1989, but it was not self-executing. It provides:

> The General Assembly shall define jurisdiction of matters relating to juveniles (persons under eighteen (18) years of age) and matters relating to bastardy and may confer such jurisdiction upon chancery, circuit or probate courts, or upon separate divisions of such courts, or may establish separate juvenile courts upon which such jurisdiction may be conferred, and shall transfer to such courts the jurisdiction over bastardy and juvenile matters now vested in county courts by Section 28 of Article 7 of this Constitution.

By the time the initial appeal of this case was heard, September 7, 1989, the implementing legislation had become effective. Among the implementing statutes is section 7 of Act 725 of 1989, found in the publisher's notes to Title 9 Chapter 10 of the 1989 Supplement to the Arkansas Code Annotated. It provides that all paternity cases shall be heard in chancery court, and all cases pending in county court or on appeal to circuit court on July 1, 1989, were to be transferred to chancery court. Thus, the Washington County Circuit Court properly transferred the appeal to the Washington County Chancery Court.

The chancery court, in turn, correctly applied the 1989 statutes. Paternity had previously been established in the Lee County suit. Thus, Ark. Code Ann. § 9-10-109(a) (Supp. 1989) becomes applicable:

> (a) Subsequent to the finding by the court that the defendant is the father of the child, the court shall follow the same guidelines, procedures, and requirements as set forth in the laws of this state applicable to child support orders and judgments entered by the chancery court as if it were a case involving a child born of a marriage in

awarding custody, visitation, setting amounts of support costs and attorneys' fees, and directing payments through the clerk of the court.

▓▓ Thus, the chancery court is to treat this case just as though it were a child support proceeding subsequent to a divorce. In such a case, the chancery court that granted the divorce is the court that has continuing jurisdiction to modify the original allowance of child support. *Rowe* v. *Rowe*, 238 Ark. 423, 382 S.W.2d 370 (1964); *Watnick* v. *Bockman*, 209 Ark. 696, 192 S.W.2d 13 (1946). The reason is Ark. Code Ann. § 9-12-314 (Supp. 1989) provides: "The court, upon application of either party, may make such alterations . . . as to . . . maintenance, as may be proper. . . ." The words "the court" in the above statute refer to the court that granted the divorce. *Watnick* v. *Bockman, id.* Since the original proceeding was in Lee County the modification must be in Lee County. There are exceptions to the foregoing rule, but they are not applicable to the facts of this case. *See* Ark. Code Ann. § 9-12-320 (Supp. 1989). A part of the Revised Uniform Enforcement of Support Act, Ark. Code Ann. § 9-14-311(b) (1987), provides in pertinent part that the complaint is to be "filed in the appropriate court of any state in which the obligee resides." The appropriate court in this State, the State in which the obligee resides, is the court in Lee County.

The appellant contends that the Revised Uniform Enforcement of Support Act modifies the above stated law and places venue in Washington County. However, she does not favor us with a citation of statutory authority, and we are unable to find such. The appellant cites the cases of *Elkind* v. *Byck*, 67 Cal. Rptr. 404, 439 P.2d 316 (1968), and *Olson* v. *Olson*, 534 S.W.2d 526 (Mo. Ct. App. 1976), but those cases are not applicable to the case at bar.

Our research reveals only one case in point from other jurisdictions. In *Northcutt* v. *Cleveland*, 464 So. 2d 112 (Ala. Civ. App. 1985), the Alabama Circuit Court of Appeals held, as we do in this case, that the Revised Act defers to the venue statute of the responding state.

�j The dissenting opinion would reverse the trial court because, it contends, the appellee waived venue. We do not consider the issue because it was not argued below, and is not

argued in this court. We do not reach out and find an unargued issue on which to reverse a trial court.

■ Further, as previously set out, the chancery court is to treat this case just as though it were a child support proceeding subsequent to a divorce. In such a case, we do not allow venue to be waived unless specific conditions have been met. In *Chappell* v. *McMillan*, 296 Ark. 317, 756 S.W.2d 895 (1988), we wrote:

> Chappell cites *Arkansas State Racing Comm.* v. *Southland Racing Corp.*, 226 Ark. 995, 295 S.W.2d 617 (1956), for the proposition, with which we agree, that the objection to improper venue, unlike the objection to lack of subject matter jurisdiction, is waived by appearance. See *Hargis* v. *Hargis*, 292 Ark. 487, 731 S.W.2d 198 (1987), where we applied that concept in a divorce case. However, no case is cited where venue, once established, was held to have been changed by appearance, waiver, or consent of the parties. We hold that, to effect a change of venue for related proceedings subsequent to a divorce decree, there must be compliance with Ark. Code Ann. § 9-12-320(a) (1987), which provides specifically that the court in which the final divorce decree was rendered "may grant a change of venue for further action . . . when it is shown that both parties consent to a change of venue and the court of the chancery district to which the case is requested to be transferred is willing to accept the case for further proceedings."

While the above statute was partially modified in 1989, *see* Ark. Code Ann. § 9-12-320 (Supp. 1989), the appellant has not qualified under the most recent change for a change of venue.

The dissenting opinion would also reverse the trial court for the reason that Ark. Code Ann. § 9-14-319 (1987) confers jurisdiction over appellee regardless of prior proceedings. Again, this statute was not argued by the appellant, and further, it is a contention we expressly reject.

Accordingly, we hold that the Juvenile Division of the Chancery Court of Washington County correctly refused to modify the support order from Lee County. The Washington County Chancery Court was not asked to transfer the case to Lee

County.

Affirmed.

HAYS and GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. This court's decision frustrates the purpose and operation of Arkansas' Revised Uniform Reciprocal Enforcement Support Act (RURESA). RURESA's chief purpose (and that of like Acts adopted in every state) is to accomplish an even-handed enforcement of support duties in all states. *See* H. Clark, Jr., *Law of Domestic Relations* § 6.6 (1968). The result reached here only serves, as Professor Clark puts it, to exhibit the vice of "hometowning" — the refusal to enforce the legitimate claims to support of a person from another state in order to protect the local domiciliary.

Here, under RURESA requirements and Arkansas laws, the Washington County Chancery Court acquired personal jurisdiction of the appellee, Dennis Winston, and Winston never questioned that court's venue or jurisdiction over his person. Even if venue may have been a problem, as the majority suggests, this court has held recently that the venue of an action may be waived. *Hargis* v. *Hargis*, 292 Ark. 487, 731 S.W.2d 198 (1987).

Actually, this case was first heard and decided by the County Court of Washington County before the case was properly transferred to the Washington County Chancery Court in accordance with amendment 67 to the Arkansas constitution and its enabling laws. *See* Ark. Code Ann. §§ 16-13-601, 16-13-603 (Supp. 1989). The Washington County Court found it had jurisdiction of the parties and subject matter, but held Winston's duty to support the parties' child lasted only until the child reached the age of sixteen years. After this litigation was transferred to the chancery court, Winston appeared generally before that court, filed a brief and asked that the order and judgment of the Washington County Court be affirmed. Unquestionably, the Washington County Chancery Court had subject matter jurisdiction of this matter, as well as jurisdiction of the parties.

In accordance with RURESA's provisions, and under Arkansas law, Winston's duty to support his child is controlled or imposed by Arkansas law, since he was present in this state for the

period during which support is sought. Ark. Code Ann. § 9-14-307 (1987). Unquestionably, Arkansas law, once paternity is established, provides support for a child until that child attains the age of eighteen years. Ark. Code Ann. § 9-10-111 (1987). Arkansas law further provides for the modification of any prior orders as justice may require and on notice given the defendant or father. *See* Ark. Code Ann. § 9-10-115 (1987). In sum, Winston and his attorney waived any venue issue by appearing before the Washington County Chancery Court; the court, having personal jurisdiction over Winston, erroneously held it had no power to extend his support obligations. On appeal, this court should declare that Arkansas law *does* provide Winston's support obligations continue until his child is eighteen years old, and it should reverse and remand this case for further proceedings.

In its opinion, the majority states the waiver of venue issue mentioned in this dissent was never raised below. I agree. However, the reason waiver went unmentioned is because the parties and courts below never specifically addressed a venue problem. As previously noted, the county court determined it had jurisdiction of the parties and subject matter. On the appeal of that court's decision, Winston asked the chancery court to affirm the county court's holding, which gave appellant a judgment for past support in the sum of $2,400.00, but also limited Winston's duty of support to when his child reached sixteen years old. The reason the chancery court dismissed appellant's action is somewhat cloudy, but the chancellor's letter opinion requested that the appellee prepare a precedent so as to dismiss appellant's petition "for want of equity." It is this court — not the appellee or chancery court — that relies on the venue statute, Ark. Code Ann. § 9-10-109(a), to support the theory that appellant should have brought her RURESA action in Lee County rather than Washington County, where Winston resides. Thus, it is only the majority that uses the venue statute to support its holding that Lee County is where appellant must bring its action, and then complains because I suggest the appellant waived any such venue claim.

For the most part, my analysis above assumes Arkansas' venue law in paternity matters could prevent, unless waived, the trial court from deciding this matter. RURESA actions are not so restrictive. In fact, such reciprocal support actions are designed to

avoid such procedural and technocratic nonsense as is evidenced by the venue issue discussed above and in the majority opinion. RURESA is intended to cut through such obstacles, so that persons obligated to pay child support will be made to pay it. One only has to read the RURESA provisions in Ark. Code Ann. §§ 9-14-319 and 9-14-333 (1987) to learn the law's enforcement powers are designed to locate where the obligor resides and the enforcement officer (prosecuting attorney or Child Support Enforcement Unit) of that county proceeds against the obligor in the appropriate court of that county.

If, however, the enforcement officer determines the obligor or his property is in another county, the officer then must inform the court of this fact and its court's clerk must forward the obligee's RURESA documents to the court in the other county for enforcement by that other county's enforcement officer. *See* Ark. Code Ann. § 9-14-319. This same procedure has intrastate application. *See* Ark. Code Ann. § 9-14-333.

Under the provisions of § 9-14-319, the Washington County Chancery Court had personal jurisdiction over Winston regardless of any prior proceeding still pending in Lee County, Arkansas, where neither of the parties now live. Proceeding under RURESA is a separate, independent action to enforce support obligations, and remedies provided under that Act are in addition to and not in substitution for any other remedies. *See People ex rel. Oetjen* v. *Oetjen*, 92 Ill. App. 3d 699, 416 N.E.2d 278 (1981); *see also* Revised Uniform Reciprocal Enforcement of Support Act (U.L.A.) § 3 (1987). RURESA confers jurisdiction over child support matters, notwithstanding prior or contemporaneous action in other proceedings. *Horch* v. *Ponik*, 132 Wis. 2d 373, 392 N.W.2d 123 (Wis. Ct. App. 1986).

The purpose of RURESA is to compel obligors, such as Winston, to meet their support obligations, whether the parents and child are in two different states or two different counties within a state. The majority court, by its decision, frustrates this law. Winston is obliged by law to pay support until his child is eighteen years old, and the Washington County Chancery Court, in my view, clearly has the power to see that obligation is performed.

For the above reasons, I dissent.

HAYS, J., joins this dissent.