MECCO SEED COMPANY and Fidelity & Casualty
Insurance Company *v.* Ricky D. LONDON, Sr.,
Deceased, Employee

CA 93-1276                                     886 S.W.2d 882

Court of Appeals of Arkansas
Division II
Opinion delivered November 9, 1994

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown*, for appellant.

*Angela Yvette Baxter*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Mecco Seed Company appeals from a decision of the Arkansas Workers' Compensation Commission which held that appellees, the widow and three children of a deceased employee, were entitled to compensation based on 80% of the decedent's average weekly wage. Appellant contends on appeal that the Commission erred in using 80% of the average weekly wage as the compensation rate. Appellant also contends that the Commission erred in awarding attorney's fees to the appellees. We agree with appellant and reverse.

Ricky D. London, the deceased employee, was killed in a work-related vehicle accident on June 13, 1991. Mr. London was survived by appellees, his widow and three children. Appellant accepted appellees' claim as compensable and began paying compensation in an amount equal to 66 2/3% of the decedent's average weekly wage. The appellees contended before the Administrative Law Judge that the correct rate of benefits was 80% of the decedent's average weekly wage, and that because appellant was guilty of a safety violation they were entitled to additional compensation of 25%.

On August 24, 1992, the Administrative Law Judge held that the proper compensation rate was 80%, and that appellees were entitled to additional benefits of 25% because the decedent's death was caused in part by appellant's failure to comply with an Arkansas statute pertaining to the health and safety of employees. On appeal the Commission held that the appellees failed to prove by clear and convincing evidence that the decedent's death was caused in substantial part by appellant's failure to comply with any Arkansas statute or official regulation. However, the Commission agreed with the Administrative Law Judge

that under Ark. Code Ann. § 11-9-527(c)(1)(A) and (c)(2) (Supp. 1993) appellees were entitled to an 80% compensation rate, representing 35% for the widow and 15% for each of the three children. The Commission found that this 80% rate was subject to the maximum limitation set forth in Ark. Code Ann. § 11-9-501(b)(3) (Supp. 1993), i.e., 70% of the state average weekly wage, but found that it was not subject to the general limit of 66 2/3% set out in § 11-9-501(b).

Arkansas Code Annotated § 11-9-527(c), regarding compensation for death, states in pertinent parts:

> (c) BENEFICIARIES – AMOUNTS. *Subject to the limitations as set out in §§ 11-9-501 — 11-9-506*, compensation for the death of an employee shall be paid to those persons who were wholly and actually dependent upon the deceased employee in the following percentage of the average weekly wage of the employee and in the following order of preference:

> [Emphasis supplied.]

> \* \* \*

> (1)(A) To the widow if there is no child, thirty-five percent (35%), and the compensation shall be paid until her death or remarriage. . . .

> \* \* \*

> (2) To the widow or widower if there is a child, the compensation payable under subdivision (c)(1) of this section and fifteen percent (15%) on account of each child;

The other section relevant to the present appeal is Ark. Code Ann. § 11-9-501(b), and provides in pertinent parts:

> (b) Compensation payable to an injured employee for disability, other than permanent partial disability as specified in subsection (d) of this section, and compensation payable to surviving dependents of a deceased employee, the total disability rate, shall not exceed sixty-six and two-thirds percent (66 2/3%) of the employee's average weekly wage with a twenty dollar ($20.00) per week minimum, subject to the following maximums:

* * *

(3) For a disability or death which results from an injury occurring during a calendar year beginning on or after January 1, 1990, the maximum weekly benefit payable shall be seventy percent (70%) of the state average weekly wage.

██ ██ In *Arkansas Vinegar Co.* v. *Ashby*, 294 Ark. 412, 415, 743 S.W.2d 798, 799 (1988), the supreme court affirmed a decision of this court which interpreted sections of the workers' compensation law, and reiterated the proper standards for interpreting a statute as follows:

> The first rule in interpreting a statute is to construe it just as it reads by giving the words their ordinary and usually accepted meaning. Statutes relating to the same subject should be read in a harmonious manner if possible. All statutes on the same subject are in pari materia and must be construed together and made to stand if capable of being reconciled.
>
> Provisions of the Arkansas Workers' Compensation Act are to be construed liberally in favor of the claimant.
>
> [Citations omitted.]

In *Ashby* v. *Arkansas Vinegar Co.*, 22 Ark. App. 167, 737 S.W.2d 177 (1987), we observed that Ark. Stat Ann. § 81-1310(b) (Supp. 1985), a predecessor of Ark. Code Ann. § 11-9-501, limited the maximum amount of compensation payable to death beneficiaries to the lesser of 66 2/3% of the average weekly wage of the employee or $154 per week.

This same observation can be made under our current statute, at least as to the 66 2/3% limitation. Arkansas Code Annotated § 11-9-527 expressly states that compensation for death to beneficiaries is "subject to the limitations as set out in §§ 11-9-501 — 11-9-506. . . ." Arkansas Code Annotated § 11-9-501(b) provides that the compensation "shall not exceed sixty-six and two-thirds percent (66 2/3%) of the employee's average weekly wage . . . subject to the following maximums. . . ." Prior to Act 1015 of the Second Extraordinary Session of 1986 the maximum compensation rate of 66 2/3% for a disabled employee was set forth

in subsection (a) of Ark. Stat. Ann. § 81-1310, and the maximum compensation rate of 66 2/3% for surviving dependents of a deceased employee was set forth in subsection (b) of that section. Act 1015 (codified at Ark. Code Ann. § 11-9-501(b)(1)-(4) (Supp. 1993)) amended and revised these two subsections by consolidating them into its present format as follows:

> Compensation payable to an injured employee for disability, other than permanent partial disability as specified in subsection (a)(3) below, and compensation payable to surviving dependents of a deceased employee (the "total disability rate") shall not exceed sixty-six and two-thirds percent (66-2/3%) of the employee's average weekly wage with a Twenty Dollar ($20.00) per week minimum, subject to the following maximums:

> (1)(A)  for disability or death due to an injury occurring on and after July 1, 1986, through June 30, 1987, the maximum weekly benefits payable shall be One Hundred Seventy-five Dollars ($175.00).

> (B)  For disability or death due to an injury occurring on and after July 1, 1987, through December 31, 1988, the maximum weekly benefits payable shall be One Hundred Eighty-nine Dollars ($189.00).

> (C)  For disability or death due to an injury occurring on and after January 1, 1989, through December 31, 1989, the maximum weekly benefits payable shall be sixty-six and two-thirds percent (66-2/3%) of the state average weekly wage.

> (D)  For a disability or death which results from an injury occurring during a calendar year beginning on or after January 1, 1990, the maximum weekly benefit payable shall be seventy percent (70%) of the state average weekly wage.

Act 1015 also revised the second maximum limitation from the $154.00 per week mentioned in *Ashby* to 70% of the state average weekly wage for disability or death resulting from injuries occurring on or after January 1, 1990. The second maximum limitation is not an issue in this case because it is at a level in excess

of even 80% of the deceased employee's average weekly wage. We mention it, however, because it is set forth in a subsection to § 11-9-501(b) and commences with the words "for a disability or death."

The Commission interprets § 11-9-501(b) to except compensation payable to surviving dependents of a deceased employee from the 66 2/3% limitation. This interpretation is unsupported by logic and the plain meaning of the statutory language. It would needlessly create an ambiguity to interpret the section to exclude death benefits from the 66 2/3% limitation in light of the fact that four of its subsections, which are contained within the same sentence, specifically refer to benefits "for a disability or death." Sections 11-9-527 and 11-9-501(b) can be harmoniously read together by merely applying their literal, and unambiguous language.

■ We conclude that the Commission erred in holding that a dependent widow and three children can recover 80% of the deceased employee's average weekly wage since this exceeds 66 2/3% of the deceased's average weekly wage. Arkansas Code Annotated § 11-9-527 is subject to the maximum limitations as set forth in Ark. Code Ann. § 11-9-501(b). *See Ashby* v. *Arkansas Vinegar Co.*, 22 Ark. App. 167, 737 S.W.2d 177 (1987). The Commission's decision is reversed to the extent that it permits recovery in excess of 66 2/3% of the stipulated weekly income of $281.05.

■ Appellant secondly contends that the Commission erred in allowing attorney's fees to the appellees. Because we reverse the Commission's decision on the only holding made by it adverse to the appellant, we also reverse the award of an attorney's fee. *Cf. Brookside Village Mobile Homes* v. *Meyers*, 301 Ark. 139, 782 S.W.2d 365 (1990) (reversing an award of an attorney's fee to the prevailing party in a contract action where the judgment in favor of the prevailing party was reversed).

■■ Appellees filed a notice of cross-appeal to this court in which they sought to appeal the decision of the Commission which found there to be no safety violation and the Commission's determination that it had jurisdiction over the claim. However, appellees failed to make any argument in their brief in

regard to these alleged errors and we consider them abandoned. As this court stated in *Vickers* v. *Freyer*, 41 Ark. App. 122, 850 S.W.2d 10 (1993):

> An argument not raised by the appellant in his brief cannot be considered by this Court on appeal. The appellate court considers only those arguments raised by the parties.

41 Ark. App. at 129, 850, S.W.2d at 13 (citations omitted).

Reversed and remanded for entry of an award of benefits consistent with this opinion.

COOPER and MAYFIELD, JJ., agree.