Ricky Leon CRISP *v.* STATE of Arkansas

CR 99–1218                                                  20 S.W.3d 394

Supreme Court of Arkansas
Opinion delivered July 7, 2000
[Petition for rehearing denied September 7, 2000.]

*Tommy J. Keith,* Judge;

*Evans & Evans Law Firm,* by: *James E. Evans, Jr.,* for appellant.

*Mark Pryor,* Att'y Gen., by: *David R. Raupp,* Ass't Att'y Gen., for appellee.

W. H. "DUB" ARNOLD, Chief Justice. On March 25, 1999, a jury convicted appellant, Ricky Leon Crisp, of two counts of second-degree murder in connection with the deaths of Crisp's sixteen-month-old daughter, Vicky Crisp, and a four-month-old girl, Sidney Pippin. While babysitting the children on April 25, 1998, Crisp left the children unattended in his vehicle. Both children died of asphyxia as a result of excessive heat, also known as heat stroke. Crisp was charged with two counts of first-degree murder, pursuant to Ark. Code Ann. section 5-10-102(a)(3), given the victims' ages. Alternatively, the State charged Crisp with causing the deaths "under circumstances manifesting extreme indifference to the value of human life" while committing either of two underlying felonies: (1) first-degree endangering the welfare of a minor, or (2) a felony controlled-substance crime. *See* Ark. Code Ann. § 5-10-102(a)(1). Following his convictions for second-degree murder, Crisp was sentenced to fourteen years' imprisonment in the Arkansas Department of Correction.

Crisp's sole point on appeal challenges the sufficiency of the evidence supporting his second-degree-murder convictions. On cross-appeal, the State argues that the trial court erred by granting directed verdicts on two counts of felony murder. Specifically, the State seeks a declaration of error, rather than reversal, because it is "satisfied that the error has been committed to the prejudice of the state, and that the correct and uniform administration of the criminal law" requires our review. *See* Ark. R. App. P.—Crim. 3(c) (2000).

The Court of Appeals certified this case for us to consider the State's appeal in a criminal case and significant issues needing clarification or development of the law. Accordingly, our jurisdiction is authorized pursuant to Ark. R. Sup. Ct. 1-2(d)(1) and 1-2(b)(5) (2000). First, we decline to reach the merits of appellant's argument because he failed to properly preserve it for appeal. Consequently, Crisp's convictions for second-degree murder are affirmed. Second, we affirm the trial court on the State's cross-appeal.

## I. Sufficiency of evidence

For his sole point on appeal, Crisp argues that the State failed to present sufficient evidence to support his convictions for second-degree murder. Ark. Code Ann. section 5-10-103(a)(1) states that a person commits murder in the second degree if he "knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life." The culpable mental state of "knowingly" is defined in Ark. Code Ann. section 5-2-202(2). That section provides that:

> A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. A person acts knowingly with respect to a result of his conduct when he is *aware* that it is *practically certain* that his conduct will cause such a result[.]

(Emphasis added.) In particular, Crisp asserts that the State failed to establish that he was "aware" or knew that his conduct was "practically certain" to result in the children's deaths.

■ In response, the State maintains that we cannot reach the merits of appellant's argument because he failed to preserve the issue for our review and failed to provide convincing argument or authority in support of his position. Indeed, to preserve an appellate challenge to the sufficiency of the evidence supporting a conviction for a lesser-included offense, a defendant must make a specific and timely objection at trial. *See* Ark. R. Crim. P. 33.1(c); *see also Jordan v. State*, 323 Ark. 628, 632, 917 S.W.2d 164, 165 (1996) (failure to question sufficiency of evidence for lesser-included offenses, either by name or by apprising trial court of offenses' elements, constituted waiver).

■ Ark. R. Crim. P. 33.1(c) states that a defendant's failure to challenge the sufficiency of the evidence at the close of the State's case and at the close of all evidence, via a motion for directed verdict, will constitute a "waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment." A review of the record confirms that appellant failed to make timely, specific objections to the proof supporting the second-degree-murder offenses. In fact, at the close of the State's case, appellant moved for directed verdicts only with respect to the first-degree-murder charges and the felony-murder charges.

After considering appellant's motions, the trial court denied directed verdicts for the first-degree-murder charge and the felony-murder charge grounded on the allegation of endangering the welfare of a minor. However, the trial court granted a directed verdict as to the felony-murder charge relating to possession of a controlled substance. Ultimately, at the close of all evidence, the trial court granted appellant's renewed motion for a directed verdict with respect to the remaining felony-murder charge. Consequently, the jury was instructed to consider the offenses of first-degree murder, and the lesser-included offenses of second-degree murder, manslaughter, and negligent homicide.

■ The only basis for finding that Crisp objected to a second-degree-murder charge arises from his discussion with the court at the close of the State's case. Appellant professed that:

> At this point there is nothing upon which a jury could go forward on *any of the charges* as currently existing before the Court. We would, therefore, Your Honor, move for a directed verdict on murder in the first degree, on a felony murder, Count I, possession, or actual possession of a controlled substance, and also on Count III, the endangerment of a child.

(Emphasis added.) However, Ark. R. Crim. P. 33.1(c) provides that "a motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense." Here, not only is appellant's general objection insufficient to satisfy the requirements of Ark. R. Crim. P. 33.1(c), it is also clear that appellant intended to object only to the first-degree-murder charge and the felony-murder charges. In sum, appellant's directed-verdict motion lacked the specificity required to preserve a challenge to the second-degree-murder charges.

■ Further, in light of appellant's failure to specifically challenge the sufficiency of the State's case for second-degree murder, the trial court had no opportunity to rule on the issue. Without a ruling from the trial court, we have no basis for a decision and we are precluded from reviewing Crisp's argument. *See Hood v. State*, 329 Ark. 21, 26, 947 S.W.2d 328, 331 (1997). In light of the foregoing, we decline to reach the merits of Crisp's appeal and we affirm his conviction.

## II. Cross-appeal

█ In its brief on cross-appeal, the State argues that the trial court erred by directing a verdict on the felony-murder charge, with the underlying felony offense of endangering the welfare of a minor. However, a review of the record and the State's supplemental abstract reveals that the State specifically filed its notice of cross-appeal pursuant to Ark. R. App. P.—Crim. 3(a)(2). Rule 3(a)(2) permits the State to take an interlocutory appeal from a pretrial order, entered in a criminal prosecution, that suppresses a defendant's confession. Here, the State has no right to cross-appeal via Rule 3(a)(2). Accordingly, we affirm the trial court's dismissal of the State's felony-murder charge relating to endangering the welfare of a minor.