Vivian S. HOUSTON *v.* STATE of Arkansas

CA CR 02-817                                           120 S.W.3d 115

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered June 18, 2003

*Alvin Schay*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellees.

JOHN MAUZY PITTMAN, Judge. The appellant in this criminal case was charged with intentional adult abuse, a violation of Ark. Code Ann. § 5-28-103(b)(2) (Repl. 1997). After a bench trial, the trial judge announced that he found the evidence insufficient to prove intentional abuse, but found that appellant was guilty of committing negligent adult abuse in violation of Ark. Code Ann. § 5-28-103(c)(2). For reversal, appellant contends that the evidence is insufficient to support her conviction of negligent adult abuse. We cannot address this argument because it is raised for the first time on appeal, and, therefore, we affirm.

In order to contest the sufficiency of the evidence to support a conviction resulting from a bench trial, the defendant must have moved for dismissal at the close of all the evidence. Ark. R. Crim. P. 33.1(b). A general motion will not suffice; the defendant must specify the manner in which the evidence is insufficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. Ark. R. Crim. P. 33.1(c); *Crisp v. State*, 341 Ark. 893, 20 S.W.3d 394 (2000). In making his motion, a defendant must anticipate an instruction on lesser-included offenses[1] and specifically address the elements of any lesser-included offense he wishes to challenge in the motion. *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003). This rule applies to bench trials as well as to jury trials. *Green v. State*, 79 Ark. App. 297, 87 S.W.3d 814 (2002).

In her brief, appellant recounts the events at trial, noting that she raised two arguments in her directed-verdict motion:

---

[1] The dissent argues that this rule is inapplicable in the present case because negligent adult abuse is not, in fact, a lesser-included offense of intentional adult abuse. We express no opinion on this question because it was not argued either at trial or on appeal, and is thus not properly before us. *See* note 2, *infra*. We note, however, that appellant had abundant opportunity to raise this question below had she desired to do so. When appellant made her directed-verdict motion, the prosecuting attorney agreed that the element of serious physical injury was absent, and requested that the case should proceed on the "lesser-included offense," a Class B misdemeanor. Appellant did not object. After the defense rested, the trial judge announced that the State had failed to meet its burden with respect to the Class D felony charge, but found that appellant was guilty of the "lesser-included" charge, a Class B misdemeanor violation of Ark. Code Ann. § 5-28-103(b)(2). Appellant did not object. Nor does she even complain on appeal about the trial court's treatment of the offense for which she was convicted as a lesser-included one of the charged offense.

At the close of the State's evidence, defense counsel argued, first, that the State had not presented evidence that there was serious physical injury or a substantial risk of death to either of the patients, as required by A.C.A. 5-28-103. Second, he argued that there was an intent portion which required purposeful action, and purposely is a culpable mental state. Thus, the proof would have to be that it was Appellant's conscious object to inflict adult abuse on each of the residents by causing substantial physical injury. There was no such proof, he argued . . . .

Appellant then makes her argument on appeal, which is set out fully below:

The court's finding that the procedure used by appellant was the problem is inconsistent with his finding that she provided negligent care and was guilty under A.C.A. 5-28-103(c)(2), as applied under A.C.A. 5-28-101(8)(A). The appellant did not negligently fail to provide necessary treatment, rehabilitation, care, food, clothing, shelter, supervision, or medical services; she did not fail to report health problems of the patients; and she did not fail to carry out a prescribed treatment plan. At most, appellant's procedure in doing her job was inappropriate.

Just as the due process clause of the 14th amendment to the U.S. Constitution requires the prosecution to prove beyond a reasonable doubt all the elements included in the definition of the crime the defendant is charged with, so too must a trial judge find all the elements of a crime he or she decides an accused has committed.

Because no rational trier of fact could find guilt beyond a reasonable doubt under the statutes the court relied upon, the Appellant's conviction should be reversed and dismissed.

As can be seen, appellant's arguments at trial were directed at the elements of serious physical injury and purposeful intent, whereas her argument on appeal is directed at the trial court's finding that she acted negligently. In essence, her argument on appeal is that there is no evidence to satisfy the element of negligent care and that, in the absence of proof of this element, her con-

viction must be reversed.  Because the present argument is raised for the first time on appeal, we cannot address it, and we affirm.[2]

Affirmed.

GLADWIN, ROBBINS and NEAL, JJ., agree.

STROUD, C.J., concurs.

BAKER, J., dissents.

KAREN R. BAKER, Judge, dissenting.  I would reverse this case because there was no proof of physical injury, and defense counsel properly apprised the trial court that an essential element of the offense was missing.. Appellant was convicted of violating Ark. Code Ann. § 5-28-103(c)(2), and section 103(c)(2) requires proof of the element of physical injury. Counsel apprised the court that the element of physical injury was missing in his motion to dismiss.

The majority does not address the fact that there was no evidence of physical injury in this case.  The State argues, and the majority agrees, that appellant's argument is not preserved for our review.  The majority specifically finds that her argument at trial

---

[2] The dissent correctly asserts that appellant properly raised the absence of proof as to the element of physical injury below, but wrongly asserts that this issue is therefore before us on appeal.  Although this issue was in fact argued at trial in appellant's directed verdict motion, appellant's argument on appeal contains not one word in reference to the element of physical injury.

It is a familiar rule of practice that an appellate court does not reverse on a ground not argued by the appellant.  *See Cummings v. Boyles*, 242 Ark. 923, 415 S.W.2d 571 (1967); *McGuire v. Smith*, 58 Ark. App. 68, 946 S.W.2d 717 (1997).  This is so even where there was an appropriate objection at trial that would have entitled the appellant to make such an argument on appeal.  *See King v. State*, 323 Ark. 671, 916 S.W.2d 732 (1996); *Dillard v. State*, 313 Ark. 439, 855 S.W.2d 909 (1993); *Mecco Seed Co. v. London*, 47 Ark. App. 121, 886 S.W.2d 882 (1994).  This rule is applicable even in cases that are heard *de novo* on appeal, *see Cummings v. Boyles*, *supra*, and has even been applied, in the context of Rule 37.5 appeals following cases where the death penalty has been pronounced.  *See, e.g., Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001).

Although it may be difficult to allow an apparent error to go uncorrected, we must sometimes do so because we may not reach out and find an unargued issue on which to reverse a trial court.  *White v. Winston*, 302 Ark. 345, 789 S.W.2d 459 (1990).  Any basis for reversing a case on appeal should originate in the arguments advanced by the appellant, not from arguments created by appellate judges.  *Dalrymple v. Dalrymple*, 74 Ark. App. 372, 47 S.W.3d 920 (2001).

was directed at the elements of serious physical injury and purposeful intent, whereas, her argument on appeal is directed at the trial court's finding that she acted negligently. Immediately following the portion of appellant's brief quoted by the majority, appellant argues that the State failed to prove all of the elements of the offense, stating:

> Just as the due process clause of the 14th amendment to the U.S. Constitution requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the crime the defendant is charged with, so too must a trial judge find all the elements of a crime he or she decides an accused has committed.

> Because no rational trier of fact could find guilt beyond a reasonable doubt under the statutes the court relied upon, the Appellant's conviction should be reversed and dismissed.

(Citations omitted.) Appellant argued both at trial and on appeal that the State failed to prove the elements of the crime of which she was convicted.

In refusing to address appellant's challenge to the sufficiency of the evidence, the majority relies upon *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003) and admonishes that a defendant must anticipate an instruction on lesser-included offenses and specifically address the elements of any lesser-included offense he wishes to challenge in his directed-verdict motion. However, appellant was not actually convicted of a lesser-included offense. Arkansas Code Annotated section 5-1-110(b) (Repl. 1997) states that:
An offense is so included [in another] if:

(1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or
(2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or
(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

Neglect is defined in Ark. Code Ann. § 5-28-101(8) (Supp. 2001):

"Neglect" means acts or omissions by an endangered adult; for example, self-neglect or intentional acts or omissions by a caregiver responsible for the care and supervision of an endangered or impaired adult constituting:

(A) Negligently failing to provide necessary treatment, rehabilitation, care, food, clothing, shelter, supervision, or medical services to an endangered or impaired adult;

(B) Negligently failing to report health problems or changes in health problems or changes in the health condition of an endangered or impaired adult to the appropriate medical personnel; or

(C) Negligently failing to carry out a prescribed treatment plan. Neglect of an impaired adult does not fit the definition of a lesser-included offense of purposely abusing an impaired adult.

Even if neglect of an impaired adult were a lesser-included offense of purposely abusing an impaired adult, appellant's motion was sufficient to preserve the issue of whether the State proved the element of "physical injury" as to the misdemeanor offense. In *Ramaker v. State*, 345 Ark. 225, 46 S.W.3d 519 (2001), our supreme court held that in order to preserve challenges to the sufficiency of the evidence supporting a conviction for a lesser-included offense, a defendant is required to address the lesser-included offense, either by name *or by apprising the trial court of the elements* of the lesser-included offense in the motion for directed verdict. (Emphasis added.) As the majority notes, defense counsel's motion stated that there was no proof of serious physical injury or purposeful intent. However, his motion further advanced the argument that there were "*no types of discernable physical injury.*"

Appellant's argument is well taken. Ms. Smith, the State's sole witness, testified that there were no marks, bruising or abrasions on either Ms. Shaw or Mr. Lenox and that neither of them required medical treatment as a result of the incident. Without any proof of physical injury, there was insufficient evidence to support appellant's conviction.

I would reverse.