Edward TORREY *v.* CITY of Fort Smith

CA 96-185                                                934 S.W.2d 237

Court of Appeals of Arkansas
Division I
Opinion delivered December 11, 1996
[Petition for rehearing denied January 15, 1997.]

Walker Law Firm, by: Eddie H. Walker, Jr., and William J. Kropp, III, for appellant.

Daily, West, Core, Coffman & Canfield, P.L.L.C., by: Eldon F. Coffman and Douglas M. Carson, for appellee.

OLLY NEAL, Judge. Edward Torrey appeals from an order of the Arkansas Workers' Compensation Commission denying his entitlement to additional workers' compensation benefits pursuant to Ark Code Ann § 11-9-505 (a)(1)(1996) and his request for a change of physician. For reversal of the Commission's order, appellant contends that he is entitled to additional benefits because appellee refused to return him to work without reasonable cause and that he is entitled to a change of physician.

Appellant was employed by appellee, City of Fort Smith, in its sanitation department, when he sustained an admittedly compensa-

ble injury to his back on October 10, 1993. Appellant was treated at the emergency room by Dr. Mumme. Appellant was diagnosed with a right lateral disc herniation at L4-5 and eventually referred to Dr. Michael Sandefer who prescribed a conservative course of treatment. Appellant was released from Dr. Sandefer's care on March 1, 1994, with a 5% permanent impairment rating to the body as a whole, which was accepted by appellee, and restrictions that included avoiding repetitive bending and lifting over 25 to 30 pounds.

Appellant attempted to return to work for appellee but was advised that there were no positions available that would meet his job restrictions. Appellant applied for dispatcher's positions with the City's sanitation and police departments. Appellant was not hired to fill either position. Appellant then sought additional benefits pursuant to Ark. Code Ann. § 11-9-505(a)(1) (1996).

The Administrative Law Judge found that appellant was entitled to additional benefits because the City refused to return him to work without a reasonable cause for doing so and approved appellant's request for a change of physician. The City appealed to the Workers' Compensation Commission which, upon conducting a de novo review of the matter, reversed the decision of the Administrative Law Judge. Appellant now seeks our reversal of the Commission's order.

When reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and uphold those findings if they are supported by substantial evidence. *Arkansas Highway & Transp. Dept.* v. *McWilliams*, 41 Ark. App. 1, 846 S.W.2d 670 (1993). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *City of Fort Smith* v. *Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992).

In denying appellant's entitlement to additional benefits pursuant to Ark. Code Ann. § 11-9-505, the Commission noted that the Commission had been admonished to not broaden, liberalize, or narrow the workers' compensation statutes. Ark. Code Ann. § 11-9-1001 (Repl. 1996).

The case at bar presents an issue of first impression for this court, because what constitutes "reasonable cause" as used in Ark. Code Ann. § 11-9-505(a)(1) has yet to be construed. The

beginning point in interpreting a statute is to construe the words just as they read and to give them their ordinary meaning. *Arkansas Dept. of Health* v. *Westark Christian Action Council,* 322 Ark. 440, 910 S.W.2d 199 (1995). The basic rule of statutory construction is to give effect to the intent of the legislature, making use of common sense. *Office of Child Support Enforcement* v. *Harnage,* 322 Ark. 461, 910 S.W.2d 207 (1995). Statutes relating to the same subject should be read in a harmonious manner, if possible. *Mecco Seed* v. *London,* 47 Ark. App. 121, 886 S.W.2d 882 (1994).

We begin our analysis of this matter by examining the stated purpose of Act 793 of 1993 which is "to pay timely temporary and permanent disability benefits to all legitimately injured workers, ...to pay reasonable and necessary medical expenses resulting thereafter and the return of the worker to the work place. *See* Ark. Code Ann. § 11-9-101 (Repl. 1996).

Pursuant to Ark. Code Ann. § 11-9-505(a)(1)(2):

> any employer who without reasonable cause refuses to return an employee to work, where suitable employment is available within the employee's physical and mental limitations, upon orders of the Commission, and in addition to other benefits, shall be liable to pay to the employee the difference between benefits received and the average weekly wages lost during the period of such refusal, for a period not exceeding one (1) year. In determining the availability of employment, the continuance in business of the employer shall be considered....

Ark. Code Ann. § 11-9-505(4)(d) provides: "The purpose and intent of this section is to place an emphasis on returning the injured worker to work, while still allowing and providing for vocational rehabilitation programs when determined appropriate by the Commission."

In Ark. Code Ann. § 11-9-1001, which is entitled the legislative declaration, the Seventy-Ninth General Assembly reemphasized that, "the major and controlling purpose of workers' compensation is to pay timely temporary and permanent disability benefits to all legitimately injured workers that suffer an injury or disease arising out of and in the course of their employment, to pay reasonable and necessary medical expenses resulting therefrom, and then return the worker to the work force."

In the case at bar, appellant suffered a compensable injury while in the employ of appellee. After appellant's release from the care of his physician he returned to his employer in an attempt to resume his employment. After learning that there were no positions available that would accommodate the restrictions placed on his work activities by his treating physician, appellant was encouraged to apply for other positions within the City of Fort Smith, which employs over 600 persons. Although appellant was afforded the opportunity to interview for dispatcher positions within the police and sanitation departments, he was not hired for either.

■ In reviewing pertinent sections of the Act, we find that the legislative intent that the injured worker be allowed to reenter the work force permeates the language of sections of the Act. *See,* e.g., Ark. Code Ann. §§ 11-9-101, 11-9-505, 11-9-1001 (Repl. 1996). Keeping in mind that we must make use of our common sense in construing the statutes in question, and that we must construe related statutes in a harmonious manner, we find that the Commission's interpretation of what constitutes reasonable cause for not returning an employee is erroneous.

■ Before Ark. Code Ann. § 11-9-505(a) applies several requirements must be met. The employee must prove by a preponderance of the evidence that he sustained a compensable injury; that suitable employment which is within his physical and mental limitations is available with the employer; that the employer has refused to return him to work; and, that the employer's refusal to return him to work is without reasonable cause.

In the present case, appellant has proved that he suffered a compensable injury; that there was suitable employment within his restrictions available with his employer, and that the employer refused to return him to work. A more difficult question arises when we question whether appellee's reason for not rehiring appellant was unreasonable. Appellee's stated reason for not hiring appellant to fill either position was that a "more qualified" individual was hired instead. The Commission accepted this explanation and found that the appellee had demonstrated that reasonable cause existed for not rehiring appellant. Further, the Commission noted that once a position is filled there is no longer suitable employment available to be the basis of the employer's refusal to return the employee to work, as provided in this statute.

We believe that the Commission's interpretation is too narrow to allow the true intent of the legislature to be realized. The Commission made a finding that the employer had shown reasonable cause for not returning an injured employee to work, where the employer stated that a "more qualified" person was hired. In accepting the employer's explanation, the Commission, in effect, allows the employer to nullify the stated legislative purpose while exercising minimal effort to return the employee to work. Likewise, the Commission's interpretation allows subjective reasoning to factor into what constitutes reasonable cause, whereas an objective standard is more compatible with the legislative intent and purpose.

At a minimum Ark. Code Ann. § 11-9-505(a) requires that when an employee who has suffered a compensable injury attempts to re-enter the work force the employer must attempt to facilitate the re-entry into the work force by offering additional training to the employee, if needed, and reclassification of positions, if necessary. Further, we do not agree with the Commission's finding that the period of refusal lasts only until a position is filled. We believe that the better rule is that the period of refusal lasts as long as the employer is doing business not to exceed the one-year limit for payment of additional benefits.

Appellee employs over 600 persons, yet the evidence presented fails to demonstrate that any effort was made on the part of appellee to assess appellant's skills or to offer him assistance to enhance his skills so as to better facilitate his re-entry into the work place.

Appellant's final asserted point is that the Commission erred in denying his request for a change of physician from Dr. Sandefer, a neurosurgeon, to Dr. Dodson, a general practitioner. Ark. Code Ann. § 11-9-514(2)(A) (Repl. 1996) provides: If the employer selects a physician, the claimant may petition the Commission one (1) time only for a change of physician, and, if the Commission approves the change, with or without a hearing, the Commission shall determine the second physician and shall not be bound by recommendations of claimant or respondent.

Appellant testified that he requested a change of physician because Dr. Dodson was his family doctor and could make adjustments. The Commission found that the wording of the statute clearly contemplates that the Commission will approve or disapprove any changes of physician. Because the statute contains the

phrase "if the Commission approves the change," we believe that the Commission is vested with discretion to approve or disapprove any change of physician. Upon review of the case at bar, we cannot find that the Commission's decision to not allow a change of physician was in error, especially in light of the fact that appellant offered no compelling reason, other than saying that Dr. Dodson could make adjustments, to support his request for a change of physician.

We therefore reverse and remand for an award of benefits consistent with this opinion.

Reversed and remanded in part; affirmed in part.

STROUD and ROGERS, JJ., agree.