HOPE LIVESTOCK AUCTION CO. *v.* Johnny KNIGHTON
and CNA Insurance Co.

CA 97-1314                                      966 S.W.2d 943

Court of Appeals of Arkansas
Division III
Opinion delivered May 6, 1998
[Petition for rehearing denied June 3, 1998.]

*Howell, Trice & Hope,* by: *Mark T. McCarty,* for appellant.

*Dunn, Nutter, morgan & shaw* by: *Nelson V. Shaw*, for appellee CNA Ins.Co.

*Wright & Burke,* by: *William Ranal Wright,* for appellee Johnny Knighton.

TERRY CRABTREE, Judge.

Appellant Hope Livestock Auction Company appeals the decision of the Workers' Compensation Commission affirming the administrative law judge's finding that the appellant is responsible for appellee Johnny Knighton's bipolar disorder and prior back injuries. We reverse and remand for the Commission to make a finding of fact as required by Ark. Code Ann. section 11-9-113 (Repl. 1996).

In 1978, appellee Johnny Knighton began working at the Hope Livestock Auction in Hope, Arkansas. Since that time, he has suffered several job-related injuries. The first job-related injury was to his knee in 1981. That injury required surgery that was performed the same year. Appellee then injured his back in 1985 and was operated on by Dr. George Bohmfalk, a neurosurgeon. After another injury in 1986, appellee returned to Dr. Bohmfalk, who once again operated on his back. In 1990, Appellee Knighton began having problems in his hip and lower back and began experiencing numbness in his right shin. As before, Dr. Bohmfalk operated on appellee's back, making this appellee's third back surgery.

Appellee Knighton continued performing the same type of work, with the exception that he stopped riding horses as Dr. Bohmfalk had ordered. In 1991, Appellee Knighton went to a pain clinic at Baptist Medical Center because of some continuing back pain. It was also during this time period that Dr. Bohmfalk began prescribing medication to combat appellee Knighton's depression. Dr. Tobey, Knighton's treating psychiatrist, later diagnosed him with a bipolar I disorder.

All of the medical costs incurred by appellee Knighton for the three back surgeries and the related psychological problems were paid by appellant, Arkansas Property and Casualty Guaranty Fund, or some related company.

In November 1995, appellee Knighton was hit by a cow and knocked to the ground. Knighton promptly returned to work after being checked by Dr. Bohmfalk and continued to work until July 3, 1996, when he could no longer handle the job because of his bipolar illness.

Appellee CNA Insurance Company replaced Arkansas Property and Casualty Fund as the workers' compensation insurance carrier for Hope Livestock Auction on January 1, 1995. At all prior times, appellant had workers' compensation coverage provided by Hope Livestock Auction, which paid all medical and psychological costs on the physical and mental conditions that are now in question.

A hearing was held in Texarkana, Arkansas, on October 4, 1996. In an opinion filed on November 13, 1996, the Administrative Law Judge (ALJ) ordered the appellant to pay temporary total disability benefits at the rate of $212.67 per week until it was determined that the healing period had ended, and pay Knighton's medical bills related to his back and psychological disorder. It was further ordered that Appellee CNA Insurance Company was liable for any additional medical costs due to the November 1, 1995, incident.

The full Workers' Compensation Commission affirmed the opinion of the ALJ with the modification that the appellant's responsibility for the bipolar disorder be limited to twenty-six weeks of disability benefits. Appellant argues on appeal that: (1) the Commission's finding that the appellee's alleged mental injury or illness is compensable is not supported by substantial evidence; (2) the full Commission's finding that the appellee is entitled to additional temporary total disability benefits is not supported by substantial evidence; and (3) the full Commission's finding that the appellee's subsequent aggravation was temporary in nature is not supported by substantial evidence. Because this court finds the appellant's first argument convincing and therefore reverses and remands on that point, the other two points on appeal need not be addressed.

This court reviews decisions of the Workers' Compensation Commission to see if they are supported by substantial evi-

dence. *Deffenbaugh Indus. v. Angus*, 39 Ark. App. 24, 832 S.W.2d 869 (1992). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Wright v. ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). The issue is not whether this court might have reached a different result than the one reached by the Commission or whether the evidence would have supported a contrary finding. If reasonable minds could reach the result shown by the Commission's decision, we must affirm the decision. *Bradley v. Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995).

Appellant argues that the Commission's finding that appellee Knighton's bipolar disorder is compensable is not supported by substantial evidence and that Knighton did not establish the *prima facie* elements of his claim. The applicable statute is Ark. Code Ann. section 11-9-113, which provides:

> *Mental Injury or Illness.*
>
> (2) No mental injury or illness under this section shall be compensable unless it is also diagnosed by a licensed psychiatrist or psychologist and unless the diagnosis of the condition meets the criteria established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders.

Appellant argues that since there was no testimony as to whether the diagnosis meets the criteria of the Diagnostic and Statistical Manual of Mental Disorders (DSMD), the Commission conducted an extrajudicial review of documentation not introduced into evidence. We agree.

██ ██ The ALJ, the Commission, and any reviewing court must construe the provisions of the workers' compensation statutes strictly. Ark. Code Ann. § 11-9-704(c)(2) (Repl. 1996). The ALJ and the Commission are to weigh the evidence impartially and without giving the benefit of doubt to any party. Ark. Code Ann. § 11-9-704(c)(4) (Repl. 1996). In its opinion, the Commission stated that:

> [a]lthough the psychiatrist never testified claimant's diagnosis of bipolar specifically meets the Diagnostic and Statistical Manual of Mental Disorders, when we review this manual we find that the diagnosis of bipolar I disorder satisfies this statutory requirement.

The Commission's *de novo* review is confined to the record established by the ALJ. The extrajudicial review of documentation not introduced into evidence was an error. We reverse and remand for further findings.

Reversed and remanded.

ROGERS and MEADS, JJ., agree.