Cathy NEEDHAM *v.* HARVEST FOODS

CA 98-70                                                      987 S.W.2d 278

Court of Appeals of Arkansas
Division I
Opinion delivered December 2, 1998

142

*Gary Vinson*, for appellant.

*Kilpatrick, Aud & Williams, L.L.P.*, by: *Michael E. Aud*, for appellees.

JOHN B. ROBBINS, Chief Judge. Appellant Cathy Needham appeals the Workers' Compensation Commission's denial of permanent partial disability, wage loss, and additional benefits pursuant to Ark. Code Ann. § 11-9-505(a) (Repl. 1996), arguing that there is no substantial basis for the denial of the claim. We disagree with her arguments and affirm the Commission.

Appellant worked for appellee Harvest Foods at its store in Batesville, Arkansas, when she suffered a cervical injury at C6-7 in an automobile accident on June 29, 1993. She healed from that

off-the-job injury and returned to work in January 1994. On May 6, 1994, she was injured at work while lifting a twenty-pound bag of dog food. A small compression fracture was located at C7. Though controverted on the basis that it was a recurrence of the old injury, the claim was later determined to be a compensable aggravation of the prior injury, and benefits were awarded that flowed from the claim. During the controversion of compensability, appellee declined to return appellant to work because its position was that this was not work related and that the union contract mandated that employees injured off the job would not be returned to work if they had restrictions. Upon a finding that the injury was compensable, the administrative law judge awarded appellee all reasonably related medical expenses, temporary total disability, permanent partial disability, and wage loss. Though requested, she did not receive additional benefits pursuant to Ark. Code Ann. § 11-9-505(a). She appealed to the Commission, and appellee cross appealed. The Commission reversed the administrative law judge in part, holding that appellant was not entitled to permanent partial disability benefits or wage-loss benefits, but affirmed denial of additional benefits under § 11-9-505(a). She appeals.

When reviewing decisions of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and uphold those findings if they are supported by substantial evidence. *Torrey v. City of Fort Smith*, 55 Ark. App. 226, 934 S.W.2d 237 (1996). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Id.* The issue is not whether we might have reached a different result than the one reached by the Commission or whether the evidence would have supported a contrary finding. *Hope Livestock Auction Co. v. Knighton*, 62 Ark. App. 74, 966 S.W.2d 943 (1998). If reasonable minds could reach the result shown by the Commission's decision, we must affirm the decision. *Id.* We find there to be a substantial basis for the denial of appellant's claim.

Appellant argues that the Commission erroneously denied her additional compensation. The statute in question is

Ark. Code Ann. § 11-9-505(a), entitled Additional Compensation—Rehabilitation, which states:

(a)(1) Any employer who without reasonable cause refuses to return an employee who is injured in the course of employment to work, where suitable employment is available within the employee's physical and mental limitations, upon order of the commission, and in addition to other benefits, shall be liable to pay to the employee the difference between benefits received and the average weekly wages lost during the period of such refusal, for a period not exceeding one (1) year.

(2) In determining the availability of employment, the continuance in business of the employer shall be considered, and any written rules promulgated by the employer with respect to seniority or the provisions of any collective bargaining agreement with respect to seniority shall control.

Before Ark. Code Ann. § 11-9-505(a) applies, several requirements must be met. The employee must prove by a preponderance of the evidence that he sustained a compensable injury; that suitable employment that is within his physical and mental limitations is available with the employer; that the employer has refused to return him to work; and that the employer's refusal to return him to work is without reasonable cause. *Torrey, supra.*

The Commission denied her these additional benefits because it found that appellee had a good-faith belief that appellant's current injury was a recurrence of the injuries received in her earlier non-work related motor vehicle accident. The Commission further found that appellee was a party to a union contract that contained a provision that an injured employee must be released without restrictions for full duty before being eligible for reinstatement, because light-duty work was limited to employees with work-related injuries. While on appeal the parties argue whether the subject provision of the collective bargaining agreement was properly proven or conceded, inasmuch as the agreement was not made part of the record, we fail to see its relevance.

First, the contract provision as found by the Commission merely requires that light-duty work for injured employees be given only to employees who were injured in job-related inci-

dents. Likewise, § 11-9-505(a)(1) is applicable only to employees who were "injured in the course of employment." Thus, the union contract did not provide any greater cause for refusing to return appellant to a light-duty job than the statute does. Secondly, the requirement of § 11-9-505(a)(2) that the provisions of any collective bargaining agreement must be taken into account in determining whether suitable employment for an injured employee is available only pertains to the matter of seniority. The issue of seniority was not addressed in the union contract provision argued before the Commission. Consequently, the union contract is simply irrelevant for purposes of this appeal.

■ ■ There is, however, substantial evidence in the record to support the Commission's finding that the appellee did not refuse appellant light-duty work without reasonable cause. Although appellee had contested the compensability of appellant's May 6, 1994, injury on the ground that this injury was not incurred in the course of appellant's employment, controversion of the compensability of an employee's injury, alone, does not establish a reasonable cause for refusing to return an injured employee to work as provided by § 11-9-505(a)(1). The reason or reasons for controverting the compensability of an employee's claim must be reasonable. Here, the Commission had before it the report of Dr. C. Lowry Barnes, who examined appellant at the request of appellee within a week of her May 6 injury, which stated:

> I explained to her that I was unsure whether or not this would be covered under workers' compensation, as this seems to be the same problem that she has had previously. She actually said that she did not initially think that it was worker's comp and wanted to see her own doctor, but she was asked to see the "company doctor."

Consequently, we hold that there was substantial evidence before the Commission that supports its finding that appellee had reasonable cause in refusing to return appellant to a light-duty position following her injury, notwithstanding the fact that the injury was subsequently determined to be compensable.

■ Appellant next argues that there is no substantial basis to support the denial of permanent partial and wage-loss disability benefits. We disagree. Her physician had given her a four percent anatomical rating to the body as a whole due solely to a non-operable herniated disc at C6-7. The car accident, by appellant's testimony, "totaled" her car after being struck from the rear and ruptured a disc in her neck. The doctor's notes indicate: "It is my opinion that Ms. Needham has a partial permanent impairment related to the C6-7 disc. This is a non-operative condition from which she has residuals. Her partial permanent impairment rating would be 4% for a nonoperatively treated herniated disc." "She does have residuals of her herniation and a partial permanent impairment rating of 4% related to a nonoperatively treated cervical herniated disc." "Concerning the causalgia of her current problems, it is a combination of a disc injury followed by a compression fractures [sic]. There are 2 specific injuries." Because this herniation predated the compensable aggravation and because this rating is for the non-work-related event, there was substantial evidence upon which to deny any permanent partial impairment rating.

■ Because we find that there is a substantial basis to deny permanent partial disability benefits, we need not address appellant's argument regarding wage-loss disability benefits. In order to be entitled to any wage-loss disability in excess of permanent physical impairment, the claimant must first prove by a preponderance of the evidence that she sustained permanent physical impairment as a result of the compensable injury. Ark. Code Ann. § 11-9-102(F)(ii)(a); see Smith v. Gerber Prods., 54 Ark. App. 57, 922 S.W.2d 365 (1996).

Affirmed.

NEAL and CRABTREE, JJ., agree.