## CLAYTON KIDD LOGGING COMPANY and American Interstate, TPA *v.* Kevin McGEE

CA 01-1256

72 S.W.3d 557

Court of Appeals of Arkansas
Division I
Opinion delivered April 24, 2002

*Michael Ryburn,* for appellants.

*Dale Grady*, for appellee.

A NDREE LAYTON ROAF, Judge. Clayton Kidd Logging Company (Clayton Kidd), appeals from an order of the Workers' Compensation Commission. The Commission found that appellee, Kevin McGee, is entitled to receive additional compensation for a compensable injury, in the form of weekly benefits pursuant to Ark. Code Ann. § 11-9-505 (Repl. 1996) because Clayton Kidd refused to allow him to return to work. On appeal, Clayton Kidd argues that the Commission erred in awarding the additional compensation because McGee 1) quit or was terminated after returning to work, and 2) was not already receiving disability benefits as required for entitlement to the additional benefits. We do not agree with Clayton Kidd's arguments and affirm.

On April 8, 1999, McGee sustained an injury to his lower back while employed as a log-truck driver with Clayton Kidd. McGee reported the injury when he went to work the next day, took a few days off, and went back to work driving the log trucks. According to McGee, on April 15, 1999, Clayton Kidd advised him that "they didn't need him any longer." However, Clayton Kidd claimed that McGee had been terminated for allowing his wife to ride with him in the log truck after he was advised several times not to do so.

McGee was diagnosed with a lumbar sprain. Clayton Kidd controverted the claim, and the ALJ found that McGee had suffered a compensable injury arising out of and in the course of his employment. McGee subsequently sought additional benefits pursuant to Ark. Code Ann. § 11-9-505(a). However, the ALJ found that McGee was not entitled to such benefits. The ALJ relied on *Davis v. Dillmeier Enter., Inc.*, 330 Ark. 545, 956 S.W.2d 155 (1997), in which the supreme court determined that the "in addition to other benefits" provision in § 11-9-505(a) "does not apply to termination of employment or to a claimant not receiving weekly benefits for a compensable injury." The Commission found *Davis, supra*, which was a discrimination case brought pursuant to the Arkansas Civil Rights Act, not applicable and reversed and remanded for a determination of whether McGee was entitled

to the additional benefits in line with the four-part test outlined by this court in *Torrey v. City of Fort Smith*, 55 Ark. App. 226, 934 S.W.2d 237 (1996).

On remand, the ALJ found that the requirements of *Torrey* had not been met and again denied McGee's request for additional benefits. The Commission once again reversed, noting that the ALJ had concluded that McGee's termination was without reasonable cause. The Commission found that McGee had established that he returned to work, was capable of performing his work, was doing his pre-injury job at the time he was unreasonably fired, and there was work available within his restrictions at the time of his termination. The Commission held that McGee met all the elements of the *Torrey* test to establish entitlement to § 11-9-505(a) benefits in the amount of $11,513 for his loss in average weekly wages during the one-year period in question. Clayton Kidd appeals from this order.

On appeal, Clayton Kidd argues that the Commission erred in finding that McGee is entitled to benefits pursuant to Ark. Code Ann. § 11-9-505(a)(1) because the statute provides for additional benefits only when an employer refuses to return an employee to work and when the employee is already receiving compensation benefits for disability. It contends that 1) McGee did not receive disability benefits during the one-year period in question, and 2) he was terminated or quit. Clayton Kidd further asserts that both *Davis, supra*, and *Torrey, supra*, support the denial of additional benefits to McGee.

When reviewing a decision of the Workers' Compensation Commission, the appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission and affirms that decision if it is supported by substantial evidence. *Wheeler Constr. Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001). Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion one way or another. *Id.* The Commission's decision will not be reversed unless it is clear that fair-minded persons, presented with the same facts, could not have reached the same conclusion. *Id.*

Arkansas Code Annotated section 11-9-505(a)(1) (Repl. 1996) provides that

> Any employer who without reasonable cause refuses to return an employee who is injured in the course of employment to work, where suitable employment is available within the employee's physical and mental limitations, upon order of the commission, and in addition to other benefits, shall be liable to pay to the employee the difference between benefits received and the average weekly wages lost during the period of refusal, for a period not exceeding one (1) year.

Act 796 of 1993 mandates that the Commission and the courts construe the provisions of the Act strictly. *Wheeler, supra.* Strict construction is narrow construction which requires that nothing be taken as intended that is not clearly expressed and that the plain meaning of the language be employed. *Id.*

■ We agree that Clayton Kidd's reliance on *Davis v. Dillmeier* is misplaced. In *Davis*, the supreme court construed the language in Ark. Code Ann. § 11-9-505(a)(1) as "providing benefits *in addition* to those workers' compensation benefits already being received by the claimant." The court further stated that such construction is evident because additional benefits are designed to provide the employee with a total amount equal to his average salary, thereby making the employee whole. However, the supreme court found that the statutory remedy for refusal to return an injured employee to work was not available to Davis because she had returned to work while she was receiving medical treatment and was terminated only after she had entered into a joint petition that fully concluded her claim for workers' compensation. Accordingly, the court reversed the circuit court's dismissal of Davis's complaint against her employer for discrimination pursuant to the Arkansas Civil Rights Act. We agree with the Commission that *Davis* is not applicable to the case at hand.

■ However, this court has construed Ark. Code Ann. § 11-9-505(a) in the context of a workers' compensation case. In *Torrey v. City of Fort Smith*, 55 Ark. App. 226, 934 S.W.2d 237 (1996), we held that before Ark. Code Ann. § 11-9-505(a) is applicable, several requirements must be met. The employee must prove by a preponderance of the evidence 1) that he has sustained

a compensable injury, 2) that suitable employment which is within his physical and mental limitations is available with the employer, 3) that the employer refused to return him to work, and 4) that the employer's refusal to return him to work is without reasonable cause. This court further stated that "[i]n reviewing the pertinent sections of the Act, we find that the legislative intent that the injured worker be allowed to reenter the work force permeates the language of sections of the Act." *Id.* at 230, 934 S.W.2d at 239. In addition, this court concluded that the period of refusal lasts not only until a position is filled, but continues as long as the employer is doing business not to exceed the one-year limitation for payment of additional benefits. *Id.*

Here, McGee was found to have a compensable injury. There was also suitable employment within McGee's physical and mental limitations. Although he testified that he was in pain, McGee stated that he could continue doing his job. A few days after his injury, McGee returned to Clayton Kidd and was terminated. The Commission found that McGee's testimony with regard to the circumstances of his termination was credible, that Clayton Kidd had in effect refused to return him to work by terminating him, that the refusal was without reasonable cause, and that McGee was not required to prove that his position remained unfilled for any particular period of time after the refusal. We cannot say that the evidence does not support the Commission's findings, or that the Commission erred in its construction of the statute in question and its application of the relevant case law.

Affirmed.

VAUGHT and BIRD, JJ., agree.