Herbert MARSHALL *v.* MADISON COUNTY

CA 02-517                                      98 S.W.3d 452

Court of Appeals of Arkansas
Division IV
Opinion delivered February 19, 2003

[Petition for rehearing denied March 19, 2003.]

*Tolley & Brooks, P.A.*, by: *Jay N. Tolley*, for appellant.

*Roberts, Roberts & Russell, P.A.*, by: *J. Matthew Maulden*, for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant, Herbert Marshall, suffered a compensable mental injury as a result of his duties as chief deputy of Madison County. The facts of this case are largely undisputed and can be quickly summarized. On August 24, 1999, appellant was involved in a "shootout" during which a fellow officer was wounded, appellant was hit by bullet fragments, and appellant shot and killed the assailant. His psychological evaluation included depression, anxiety, and post-traumatic-stress disorder. He continued working for approximately six months, until February 2000, when he came close to "going totally ape," and was afraid that he was either going to have to kill someone else or somebody was going to kill him. His employer accepted the August 24, 1999 episode as a compensable mental injury and began to pay him temporary total disability benefits. It is not disputed that he received twenty-six weeks of temporary total disability benefits related to that injury, from February 7, 2000, through August 6, 2000. He then sought additional disability benefits, however, beyond those initial twenty-six weeks. The Administrative Law Judge denied his request for additional disability benefits, and the Commission affirmed and adopted the ALJ's decision. We affirm.

■ We affirm the Commission's decisions unless fair-minded persons with the same facts before them could not arrive at the same conclusions. *Gansky v. Hi-Tech Eng'g*, 325 Ark. 163, 924 S.W.2d 790 (1996). In cases where a claim is denied because a claimant failed to show entitlement to compensation by a pre-ponderance of the evidence, the substantial-evidence standard of review requires that we affirm if a substantial basis for the denial of relief is displayed by the Commission's opinion. *Hooks v. Gaylord Container Corp.*, 67 Ark. App. 159, 992 S.W.2d 844 (1999).

■ Arkansas Code Annotated section 11-9-113 (Repl. 2002) provides in pertinent part:

> (a)(1) A mental injury or illness is not a compensable injury unless it is caused by physical injury to the employee's body, and shall not be considered an injury arising out of and in the course of employment or compensable unless it is demonstrated by a preponderance of the evidence; *provided, however, that this physical injury limitation shall not apply to any victim of a crime of violence.*

> (2) No mental injury or illness under this section shall be compensable unless it is also diagnosed by a licensed psychiatrist or psychologist and unless the diagnosis of the condition meets the criteria established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders.

> *(b)(1) Notwithstanding any other provision of this chapter, where a claim is by reason of mental injury or illness, the employee shall be limited to twenty-six (26) weeks of disability benefits.*

(Emphasis added.) Appellant contends on appeal that, because the General Assembly excepted victims of violent crime from proving that their mental injury was caused by physical injury, Ark. Code Ann. § 11-9-113(a)(1) (Repl. 2002), it likewise intended to except such victims of violent crime from the twenty-six-week limitation set forth in section 11-9-113(b)(1). We disagree.

■ There is nothing in the language of the quoted statute to support appellant's argument that victims of violent crime are not subject to the twenty-six-week limitation on disability bene-fits. Neither has he provided us with any other legal authority to support his position. Arkansas Code Annotated section 11-9-704(c)(3) (Repl. 2002) mandates that the Commission and the courts construe the provisions of the act strictly. Strict construc-tion is a narrow construction, requiring that nothing be taken as

intended that is not clearly expressed and that the plain meaning of the language be employed. *Clayton Kidd Logging Co. v. McGee*, 77 Ark. App. 226, 72 S.W.3d 557 (2002).

The ALJ was presented with, and addressed, issues concerning an episode involving appellant and a private investigator that occurred on May 21, 2000. However, appellant has abandoned those issues on appeal; therefore, we do not address them. *Mecco Seed Co. v. London*, 47 Ark. App. 121, 886 S.W.2d 882 (1994) (explaining that an argument not raised by the appellant in his brief cannot be considered by this court on appeal).

We find that the Commission displayed a substantial basis for the denial of the relief requested by appellant.

Affirmed.

HART and GRIFFEN, JJ., agree.