Dan ALLEN *v.* INTERNATIONAL PAPER COMPANY
and Sedgwick Claims Services

CA 04-670                                    202 S.W.3d 20

Court of Appeals of Arkansas
Opinion delivered February 2, 2005

[black redaction bars]

*Hart Law Firm, L.L.P.,* by: *Neal L. Hart,* for appellant.

*Bridges, Young, Matthews, & Drake PLC,* by: *Michael J. Dennis,* for appellee.

TERRY CRABTREE, Judge. In this workers' compensation case, the Commission affirmed and adopted the decision of an administrative law judge, which denied the appellant, Dan Allen, additional compensation benefits pursuant to Ark. Code Ann. § 11-9-505(a) (Repl. 1996). On appeal, appellant contends that the Commission's decision is not supported by a substantial basis. We reverse and remand.

Appellant sustained an admittedly compensable injury to his right shoulder on February 28, 2001, while working for the appellee, International Paper. At the time of the hearing, appellant was fifty-eight years old and had worked for appellee for over thirty-nine years. Appellant described his job duties for appellee as:

> tearing down motors, cutting the coils out of it, stripping the coils out of it. We burn it first, and then making the coils, putting them back in, dipping it and drying it, putting it back together . . . It requires use of both arms and legs, walking and handling equipment.

Appellant testified about the circumstances surrounding his injury as follows:

> I was setting up to make coils for a motor and there was a bucket of wire behind me, and I stepped back, and it was close. I knew it was there, but it was closer than I realized, and when I had committed, I just lost my balance and I turned to catch myself, and it didn't really hurt that bad at the time, but it just kept getting worse.

As a result of his fall, appellant sustained an injury to his right shoulder. Appellant sought treatment from Dr. David Collins, who diagnosed a torn rotator cuff and performed surgery on April

22, 2002. In May 2002, Dr. Collins gave appellant a light-duty release with restrictions to wear his right arm in a sling and only use his right hand for the purpose of writing. Appellee provided appellant with light-duty work. Appellant testified that he performed multiple jobs within his restrictions for appellee. While performing his light-duty work, appellant received his regular weekly wage.

On approximately November 7, 2002, one of appellant's supervisors told him that he could no longer continue his light-duty work for appellee as the human-resource policy for the company limited light-duty work to ninety days. Appellant told his supervisor that he had been working light duty for more than ninety days. Appellant's supervisor stated that it was the company's oversight that had allowed appellant to work past the ninety-day limit.

After appellee sent appellant home, appellant received temporary-total disability benefits, in an amount that was less than he would have received had he continued to work in light duty. On January 12, 2003, appellant's physician issued a modified light-duty release, which appellant submitted to appellee with a request to return to work. Appellee, however, again refused to return appellant to work until he was fully released by his physician. On January 22, 2003, appellant's physician gave him an impairment rating and stated that he had reached maximum medical improvement. Appellant returned to work on February 4, 2003, and continued to work for appellee at the time of the hearing.

■■ On appeal, appellant claims that the Commission's decision to deny him additional benefits based upon its finding that appellee had reasonable cause to refuse to return him to work is not supported by a substantial basis. In reviewing decisions from the Workers' Compensation Commission, the appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Carman v. Haworth, Inc.*, 74 Ark. App. 55, 45 S.W.3d 408 (2001). Substantial evidence exists if reasonable minds could reach the same conclusion. *Daniels v. Arkansas Dep't Human Servs.*, 77 Ark. App. 99, 72 S.W.3d 128 (2002); *Lee v. Dr. Pepper Bottling Co.*, 74 Ark. App. 43, 47 S.W.3d 263 (2001). When a claim is denied because the claimant has failed to show an entitlement to compensation by

a preponderance of the evidence, the substantial-evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Whitlatch v. Southland Land & Development*, 84 Ark. App. 399, 127 S.W.3d 486 (2004).

Arkansas Code Annotated section 11-9-505(a) provides:

> (1) Any employer who without reasonable cause refuses to return an employee who is injured in the course of employment to work, where suitable employment is available within the employee's physical and mental limitations, upon order of the commission, and in addition to other benefits, shall be liable to pay to the employee the difference between benefits received and the average weekly wages lost during the period of refusal, for a period not exceeding one (1) year.

> (2) In determining the availability of employment, the continuance in business of the employer shall be considered, and any written rules promulgated by the employer with respect to seniority or the provisions of any collective bargaining agreement with respect to seniority shall control.

Arkansas Act 796 of 1993 mandates that the Commission and the courts construe the provisions of the Act strictly. *Wheeler Constr. Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001). Strict construction is narrow construction which requires that nothing be taken as intended that is not clearly expressed and that the plain meaning of the language be employed. *Id.*

At the hearing, the safety supervisor for appellee, Eric Roberts, testified regarding appellee's human-resource policy pertaining to light duty. It was undisputed that the ninety-day limit was not the product of a collective bargaining agreement. As such, Ark. Code Ann. § 11-9-505(b) does not apply. Roberts testified about the rationale supporting the ninety-day limit:

> There is a time frame in which if an employee is not healing, not being able to work through the elements that they have, there has to be a point where the employee is given an opportunity to go home, to not do physical work and to rest and heal their bodies. That, in my opinion, is what this [policy] is about.

In *Torrey v. City of Fort Smith*, 55 Ark. App. 226, 934 S.W.2d 237 (1996), we held that before Ark. Code Ann. § 11-9-505(a) is applicable, several requirements must be met. The

employee must prove by a preponderance of the evidence (1) that he has sustained a compensable injury, (2) that suitable employment which is within his physical and mental limitations is available with the employer, (3) that the employer refused to return him to work, and (4) that the employer's refusal to return him to work is without reasonable cause. This court further stated that "[i]n reviewing pertinent sections of the Act, we find that the legislative intent that the injured worker be allowed to reenter the work force permeates the language of sections of the Act." *Id.* at 230, 934 S.W.2d at 239.

In making our review, we apply the *Torrey* factors as follows. First, it is undisputed that appellant sustained a compensable injury to his right shoulder. Second, it is undisputed that appellant had been working in a light-duty position within his physical and mental limitations for approximately six months at the time appellee sent appellant home. Third, it is undisputed that in November 2002, appellee notified appellant that he could no longer continue his light-duty position. The question that we must address pertains to the fourth *Torrey* requirement. We are asked to decide whether appellee's refusal to return appellant to work in November 2002 was justified by reasonable cause. Appellee's stated reason for sending appellant home was based upon its human-resource policy, which limited light-duty work to ninety days.

We believe that the Commission's interpretation of "reasonable cause" in this instance is too narrow to allow the true intent of the legislature to be realized. The Commission made a finding that appellee had shown reasonable cause for not returning an injured employee to work, where appellee implemented a ninety-day policy to limit its refusal period. In accepting the appellee's self-imposed policy, the Commission, in effect, allowed an employer to nullify the stated legislative purpose of returning an employee to work. *Id.* As we stated in *Torrey, supra,* such an "interpretation allows subjective reasoning to factor into what constitutes reasonable cause, whereas an objective standard is more compatible with the legislative intent and purpose." *Id.* at 231, 934 S.W.2d at 239. We are convinced that the legislative intent and language of the statute does not allow an employer to implement a ninety-day, light-duty policy to circumvent its obligations designed to extend for a year. *See* Ark. Code Ann. § 11-9-505(a)(1).

We do not believe that our holding will cause employers to create permanent light-duty positions in these types of situations. The statute explicitly limits the employer's period of refusal to one year. As such, the statute serves to protect both an employer's interest as well as the injured employee's. Therefore, we reverse and remand for an award of benefits pursuant to Ark. Code Ann. § 11-9-505(a)(1).

Reversed and remanded.

GRIFFEN and VAUGHT, JJ., agree.