2009 Ark. App. 311

**NESTLE, USA, INC. and Ins. Co– State of PA, Appellants,**

v.

**Arnold DRONE, Appellee.**

**No. CA 08–1082.**

Court of Appeals of Arkansas.

April 22, 2009.

Wright, Lindsey & Jennings, LLP, by: Lee J. Muldrow and Gary D. Marts, Jr., Little Rock, for appellant.

Talbott & Ladd, P.A., by: Kathleen Talbott, Wynne, for appellee.

JOHN B. ROBBINS, Judge.

This is a workers' compensation appeal in which appellee Arnold Drone suffered an admittedly compensable low-back injury in October 2005 while working for appellant Nestle USA, Inc., in its Jonesboro, Arkansas plant. Appellee was never taken off work by any physician. Appellee was terminated by Nestle in August 2007 for failure to abide by its request to appellee in May 2007 that he provide a written doctor's release. Appellee filed a claim for various benefits including that the employer be ordered to pay for additional reasonably related medical treatment he was forced to seek on his own; that he be paid temporary total disability benefits from and after May 2007; and that he receive benefits for being wrongfully terminated in retaliation for his workers' compensation claim. Appellant resisted the claim, stating that the October 14, 2005 fall at work was accepted as compensable, that some medical benefits had been paid, but that "after being released by his authorized treating physician, Mr. Drone sought treatment on his own. From that point forward, benefits have been controverted."

Appellee prevailed before the administrative law judge (ALJ), with the exception of his request for temporary total disability because he was never rendered unable to earn wages due to the compensable injury. Nestle appealed to the Workers' Compensation Commission, seeking reversal of only the award of benefits pursuant to Ark.Code Ann. § 11–9–505 (Repl.2002). The Commission affirmed the ALJ's decision but did not adopt his findings. In pertinent part, the Commission found that Drone was entitled to reasonable and necessary treatment for his ongoing back pain

and that Nestle had unreasonably refused to return Drone to work from and after May 2007 when Nestle had work available within his abilities. The Commission determined that Drone had already been released by the company doctor in November 2005 and that Nestle was undeniably aware of that fact. The Commission cited to section 11–9–505 and awarded compensation accordingly, which was based upon paying Drone his average weekly wage. This appeal followed.

In considering this appeal, the question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case de novo. *See Nucor Corp. v. Rhine,* 366 Ark. 550, 237 S.W.3d 52 (2006). The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Id.* The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Id.* However, questions of law are reviewed de novo; it is our role to determine what a statute means. *Compare South Central Ark. Elec. Coop. v. Buck,* 354 Ark. 11, 117 S.W.3d 591 (2003); *Fewell v. Pickens,* 346 Ark. 246, 57 S.W.3d 144 (2001).

Drone had never ceased working until removed from the workplace by Nestle more than a year after his compensable injury. Moreover, this is not a scenario where Drone needed or wanted rehabilitation to re-enter the workforce. Drone simply wanted to work, could not acquire a "release to return to work" because he had never been taken off work by any physician, had been released by the company doctor on November 18, 2005,[1] was not entitled to temporary total or partial disability, and was fired for failure to provide a new return-to-work document.

Here, appellant Nestle contends that the Commission erred as a matter of law because appellee was not entitled to any benefits pursuant to Ark.Code Ann. § 11–9–505. Appellant contends this statute does not apply because it requires the claimant to be "disabled," which appellee was not. Appellee responds by arguing that he fit the statutory requirements and was the victim of his employer's unreasonable refusal to allow him to work.

Section 11–9–505 is entitled "Additional compensation-Rehabilitation." Subsection (a) provides:

(a)(1) Any employer who without reasonable cause refuses to return an employee who is injured in the course of employment to work, where suitable employment is available within the employee's physical and mental limitations, upon order of the Workers' Compensation Commission, and in addition to other benefits, shall be liable to pay to the employee the difference between benefits received and the average weekly wages lost during the period of the refusal, for a period not exceeding one (1) year.

(2) In determining the availability of employment, the continuance in business of the employer shall be considered, and any written rules promulgated by the employer with respect to seniority or the provisions of any collective bargaining

---

1. The company doctor, Dr. Michael Lack, ended his chart with the comment "Released, Case closed, No permanent impairment. Return to work on: 11/18/2005. Restrictions NONE-return to regular work."

agreement with respect to seniority shall control.

An argument very similar to that raised by Nestle was before our court in *Clayton Kidd Logging Co. v. McGee,* 77 Ark.App. 226, 72 S.W.3d 557 (2002). In *McGee* the employee was injured but soon returned to work. After working for less than a week, his employer fired him. He sought and was awarded benefits under § 11–9–505(a). His employer argued that McGee was not entitled to the benefit of this section because he was not receiving disability benefits. Indeed, he was not, but we affirmed the award, citing to *Torrey v. City of Fort Smith,* 55 Ark.App. 226, 934 S.W.2d 237 (1996), where we listed the requirements that must be met before § 11–9–505(a) is applicable:

> The employee must prove by a preponderance of the evidence 1) that he has sustained a compensable injury, 2) that suitable employment which is within his physical and mental limitations is available with the employer, 3) that the employer refused to return him to work, and 4) that the employer's refusal to return him to work is without reasonable cause.

*McGee,* 77 Ark.App. at 230–31, 72 S.W.3d at 560.

In the appeal now before us, Drone returned to work immediately following his injury and continued to work for over a year before Nestle fired him.[2] Although Drone received some medical treatment, just as in *McGee* he was not disabled and did not receive disability benefits. The Commission found that he met the requirements we listed in *Torrey,* and we cannot say that the evidence does not support the Commission's findings, or that the Commission erred in its construction of the statute and its application of the relevant case law.

Affirmed.

GRUBER and BAKER, JJ., agree.

---

**2.** Nestle does not contend that the one-year period contemplated by § 11–9–505(a), during which Drone continued to work, expired prior to Drone's termination. Consequently, this opinion is not intended to address such issue.