Cite as 2022 Ark. App. 107

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-21-214

| | |
|---|---|
| | Opinion Delivered March 2, 2022 |
| FREDERICK HERROD AND $1,022 IN U.S. CURRENCY | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-19-2407] |
| APPELLANTS | |
| V. | |
| STATE OF ARKANSAS | HONORABLE BETH BRYAN, JUDGE |
| APPELLEE | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Frederick Herrod appeals a Washington County Circuit Court judgment awarding $1,022 to the State of Arkansas in a civil-forfeiture action. On appeal, he alleges (1) that the United States Supreme Court, not the circuit court, had original jurisdiction over the action; (2) that law enforcement officers failed to follow the statutory forfeiture guidelines; (3) that the circuit court utilized the incorrect version of the forfeiture statute; and (4) that there was insufficient evidence to support the forfeiture. We affirm.

In August 2019, Herrod was arrested by the Fayetteville Police Department and the Fourth Judicial District Drug Task Force. Upon his arrest, Herrod had forty-seven grams of

methamphetamine and $1,022 in cash on his person.[1] Officers completed a confiscation form for the currency found in his possession, and Herrod signed the form.

In September 2019, the State filed a complaint in the Washington County Circuit Court requesting the forfeiture of the cash seized during Herrod's arrest. The complaint alleged that the money found on Herrod's person was intended to be used in exchange for controlled substances or was traceable to such an exchange. Herrod responded by filing a motion seeking release of the items seized during his arrest. In his motion, he claimed that the cash seized during his arrest was traceable to the sale of a 2002 Ford Explorer that he allegedly sold on August 9, 2019, for $1500. He attached a bill of sale to his motion.

As a result of his August 2019 arrest, Herrod faced two state charges—felony possession of methamphetamine with purpose to deliver and felony possession of drug paraphernalia. From the record on appeal, it is not clear whether state charges were ever filed against Herrod. What is clear, however, is that Herrod was not convicted of any state crime arising from his arrest. Instead, he plead guilty in United States District Court to one count of possession of methamphetamine with intent to distribute.[2]

The circuit court held a bench trial in the forfeiture proceeding. Sergeant Tyler Moore of the Fayetteville Police Department and Fourth Judicial District Drug Task Force testified regarding the circumstances surrounding Herrod's arrest. Moore specifically stated that

---

[1]An additional eighty-seven grams of methamphetamine, baggies used for packing and distribution, and a digital scale were found in Herrod's hotel room.
[2]Herrod's federal conviction occurred in March 2020.

during a pat-down search of Herrod, officers discovered forty-seven grams of methamphetamine and $1,022 in cash on his person. Herrod testified on his own behalf. In his testimony, he noted that he had not been convicted of a violation of any state statute and that the State had not provided any evidence that he had. In closing, Herrod claimed that the money the police seized was the proceeds from the sale of a vehicle and that the presumption of the forfeitability of cash found in proximity to a controlled substance had been rebutted. Finally, he argued that the United States Supreme Court, not the circuit court, had jurisdiction over the action.

After hearing the evidence and arguments presented by both sides, the court entered an order of forfeiture in favor the State. Herrod now appeals, claiming (1) that the United States Supreme Court, not the circuit court, had original jurisdiction over the action; (2) that law enforcement officers failed to follow the statutory forfeiture guidelines; (3) that the circuit court utilized the incorrect version of the forfeiture statute; and (4) that there was insufficient evidence to support the forfeiture.

We first address Herrod's argument regarding the circuit court's jurisdiction. Herrod contends that because the State is a party to the action, jurisdiction is properly lodged with the United States Supreme Court. While Herrod cites multiple cases in support of his claims, the cited cases do not stand for the proposition that the United States Supreme Court has exclusive, original jurisdiction in this matter. Because he has failed to support his arguments by any citation to convincing legal authority, we need not address it further. *See Stutzman v. Baxter Healthcare Corp.*, 99 Ark. App. 19, 256 S.W.3d 524 (2007); *Family Dollar Stores, Inc. v.*

*Edwards*, 97 Ark. App. 156, 245 S.W.3d 181 (2006); *Jones Truck Lines v. Pendergrass*, 90 Ark. App. 402, at 409, 206 S.W.3d 272, 277 (2005) ("Assignments of error that are unsupported by convincing authority will not be considered.").

We next address Herrod's argument that the State did not fully comply with the requirements of the forfeiture statute. He contends that law enforcement confiscated items of personal property from his hotel room and that this seizure of his property was not documented by law enforcement.[3] He claims that because the authorities did not properly document these items pursuant to Arkansas Code Annotated section 5-64-505(f)(5)(A)(ii) (Supp. 2021), the property should be immediately returned to him. We note that the property forfeited in this appeal was $1,022 in U.S. currency that was found on his person at the time of his arrest. Herrod does not challenge the process utilized with respect to these forfeited funds. He does not dispute that the forfeited funds were removed from his person by law enforcement[4] or that law enforcement prepared a confiscation report regarding those funds, and he signed the report. Herrod fails to provide us with any convincing legal authority to support a claim that the allegedly "improper" seizure of unrelated items has any effect on the validity of the forfeiture of the funds at issue. It is well settled that we will not

---

[3]At trial, Herrod questioned Sergeant Moore regarding the whereabouts of this alleged property.

[4]The trial court found that the $1,022 was found in close proximity to a controlled substance, that this raised a rebuttable presumption that the currency found was forfeitable, and that Herrod failed to rebut this presumption. Herrod does not challenge these findings on appeal.

consider assignments of error that are unsupported by convincing argument or sufficient legal authority. *Pilcher v. Suttle Equip. Co.*, 365 Ark. 1, 223 S.W.3d 789 (2006).

Next, we address Herrod's argument that the circuit court utilized the incorrect version of the forfeiture statute in granting the forfeiture. The State filed its forfeiture complaint in this action under the forfeiture statutes as amended by the Civil Asset Forfeiture Reform Act of 2019 ("Act"). Herrod claims that the circuit court erred in applying this Act because it did not become effective until September 2019—after the funds had been seized. He is incorrect.

The Civil Asset Forfeiture Reform Act, Act 476 of 2019, was passed by the Regular Session of the 92nd General Assembly, which convened on Monday, January 14, 2019. The Act did not contain an emergency clause, nor did it specify an effective date. As a result, it became effective on the ninety-first day after adjournment of the legislative session at which it was enacted. *See* Op. Ark. Att'y Gen. No. 034 (2019). The Regular Session of the 92nd General Assembly adjourned *sine die* on Wednesday, April 24, 2019. Thus, the effective date of the act was July 24, 2019, prior to Herrod's arrest and the seizure of the funds. Thus, Herrod's argument in this regard has no merit.

Finally, we address Herrod's argument that there was insufficient evidence to support the forfeiture. He contends that the forfeiture statutes require conviction of a state crime. He argues that he was convicted in federal, not state, court. Because the State failed to present any evidence that he had been convicted of a state crime, the trial court erred in

5

entering its forfeiture judgment. His argument turns on the interpretation of Arkansas Code Annotated section 5-64-505(m)(1).

Our court reviews issues of statutory construction de novo. *Andreasen v. S. Mtn. Estates Prop. Owners Ass'n*, 2018 Ark. App. 530, 564 S.W.3d 262 (citing *Mamo Transp., Inc. v. Williams*, 375 Ark. 97, 289 S.W.3d 79 (2008) In reviewing statutory construction, we give effect to the intent of the General Assembly as the basic rule. *Id.* In determining the meaning of a statute, we read it just as it is, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, we do not resort to rules of statutory construction. *Id.*

We now turn our attention to the statute at issue. Arkansas Code Annotated section 5-64-505(m)(1) provides:

> (m)(1) There shall be no civil judgment under this subchapter and no property shall be forfeited unless the person from whom the property is seized is convicted of a felony offense that related to the property being seized and that permits the forfeiture of the property.

Ark. Code Ann. § 5-64-505(m)(1) (Supp. 2021).

Applying our rules of statutory construction, we conclude that the plain language of the statute prohibits a civil judgment of forfeiture unless the person from whom the property was seized is convicted of a "felony offense" related to the property being seized. The statute makes no distinction between federal or state convictions. In order to agree with Herrod's

6

position, we would need to add words to the statute; we decline to do so. Because Herrod's arguments on appeal have no merit, we affirm.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Frederick Herrod*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.